69 Cal.App.2d 1 (1945)
Estate of JEAN CAZAURANG, Deceased. MARIE LEES THOMAS, Individually and as Administratrix, etc., Plaintiff and Appellant,
v.
GORDON GRAY et al., Defendants and Appellants.
Civ. No. 3375. 
California Court of Appeals. Fourth Dist. 
Apr. 25, 1945.
 Marion P. Betty and Porter & Blackburn for Plaintiff and Appellant.
 Gray, Ames & Driscoll and James T. Phillips, in pro. per., for Defendants and Appellants. *2
 GRIFFIN, J.
 On July 30, 1930, Marie Lees (Thomas) executed an assignment to Attorney E. W. Brewer, Jr., Gordon Gray, Walter Ames and J. G. Driscoll, Jr., of an undivided 30 per cent of her right, title and interest in the Estate of Jean Cazaurang, deceased, and therein authorized the superior court to make distribution accordingly. On April 5, 1935, Marie Lees (Thomas) substituted A. G. Reily, Esq., as her attorney in the place and stead of Messrs. Gray, Ames & Driscoll. Later, Marion P. Betty, Esq., was substituted in his stead. One James T. Phillips, Esq., claimed an assignment from Marie Lees (Thomas) of 2 per cent of the net proceeds of her interest in the estate for services rendered and to be rendered by him. After several hearings on a petition for distribution and upon the objections thereto by the above entitled claimants, the trial court, on February 23, 1944, entered its decree which, among other things, awarded claimants Gray, Ames & Driscoll and E. W. Brewer, Jr., 15 per cent of 90 per cent of the estate of Jean Cazaurang, deceased, available for distribution, and also awarded claimant James T. Phillips 2 per cent of 90 per cent of the amount available. Claimants appealed from the judgment in its entirety. Marie Lees (Thomas) personally and as administratrix, appealed from that portion of the judgment making any allowance to those claimants.
 [1] This comes before us now on a motion of Marie Lees (Thomas) for an order augmenting the record on appeal.
 The affidavit of Marion P. Betty, in support of the motion, recites that certain proceedings were omitted from the record. One point raised on the appeal is that the trial court was without jurisdiction while sitting in probate to try the issues tendered by the respective claims of assignments above mentioned. In this connection, counsel for the administratrix argues (a) that on June 19, 1942, the matter of the settlement of the final account and petition for distribution came on for hearing in department 5 of the superior court; that claimants had filed objections thereto and that they argued for recognition of their claimed assignments. He then sets forth certain discussion which he claims took place between all counsel and the court wherein it was contended, by him, that the probate court had no jurisdiction to hear the matter; that objection was made thereto on the grounds stated and that the court then allowed the administratrix to file additional pleadings *3 by way of a petition for "disallowance of assignments."
 It is next represented to us in paragraph (b) of the affidavit of Marion P. Betty that at the hearing of the above mentioned petition the following discussion and rulings took place: that on Monday, July 7, 1941, a claimed "partial minute entry" was made by the clerk of the court which, in effect, recited that counsel for the administratrix, in open court, orally demanded a jury trial on the petition for allowance of assignments; that on July 8, 1941, arguments on objections to such jury trial were proceeded with and later continued to July 9, 1941; that on that day further argument thereon ensued and that the trial court denied such application for a jury trial and denied the administratrix's demand for a bill of particulars.
 The third point argued is (c) that at the hearing, Mr. Driscoll, representing the claimants, made the following reply to a question propounded by the trial judge: "Mr. Driscoll, is it your contention that you are entitled to recover the full amount of the percentage (30 per cent) as specified under the terms of your assignment with Mrs. Thomas, and that unless you get the full amount that you are entitled to nothing?" A. By Mr. Driscoll: "Your Honor, our office has had considerable discussion on this point and while we feel that we are entitled to stand on the contract to demand a recovery of full percentage of 30 per cent, we will abide by Your Honor's decision and award for compensation for our services on a quantum meruit basis, as you believe we are entitled to." Affiant then states that there was no court reporter at such hearing to report the argument and there was no account of said statement by Mr. Driscoll transcribed; that therefore that statement does not appear in the reporter's transcript; that the same should be added to the record as it may constitute material evidence of a waiver of the right of the claimants herein to appeal. Affiant then prays that the record be augmented in the particulars set forth in paragraphs (a), (b) and (c), and that the transcripts be amended accordingly.
 In opposition to this motion, claimant J. G. Driscoll, Jr., by affidavit, recites that, as to the matters mentioned in subdivision (a) above, said paragraph is not a substantially correct record of the proceedings; that he was present at all times; that the matter of the settlement of the final account and distribution *4 did not come on to be heard on June 19, 1942, as alleged, but that the matter of objections did come on for hearing on June 19, 1941; that it was then continued to June 26, 1941, in department 5, before Judge West; that after some argument the issues were set down for trial for July 7, 1941; that on June 19, 1941, there was no court reporter present, and that he had no distinct recollection of what was said on argument at that time. A certified copy of the minute entry accompanied his affidavit. It shows that on June 19, 1941, in department 5, "All matters in the above entitled matter" were continued to June 26, 1941. Apparently, a court reporter was present and took down the proceedings on June 26, 1941, but no request was made for a transcript thereof.
 The affidavit then recites "that affiant is the person alleged to have made the statement set out in paragraph (c)" above; "that the said allegation is incorrect; that affiant did not state that he or" that any of the claimants "would abide by the decision of the trial court awarding" them "compensation on a quantum meruit" basis; that in reply to a question on the general import of that set out in the affidavit of Marion P. Betty, affiant said in substance that the said claimants "felt that they were entitled to stand on their assignment and recover the full thirty per cent (30%) assigned but that if the court should hold to the contrary the said" claimants "should at least be awarded compensation on a quantum meruit basis."
 Accompanying defendant's affidavit is an affidavit of the court reporter setting forth the fact that he reported in shorthand the proceedings on June 26, 1941, in the matter of the Estate of Jean Cazaurang; that he received no request that any part of the proceedings be transcribed either as a part of the record on appeal or for any other purpose; that he has not transcribed any part of said proceedings, and that the matter set out in paragraph (a) of the Betty affidavit is not a part of or a copy of a part of any transcript prepared by him of the said proceedings.
 Claimants then argue that the record now includes all matters material to a determination of the points on appeal and ask that the motion to augment it be denied.
 The administratrix's request to the clerk to prepare a transcript on appeal did not include any request for copies of minute entries. Likewise, the request to the reporter did not include a transcript of the proceedings had prior to July 24, *5 1941. We have before us only the affidavit of counsel for the administratrix which gives his version of what objections were made in open court in reference to the claimed objection to the jurisdiction of the probate court to hear the matter which is set forth under paragraph (a) supra. If a court reporter was present and took down the proceedings, as indicated, no good purpose would be served by substituting therefor, as part of the record on appeal, affiant's version of the argument which took place before the court. Therefore, this request must be disallowed.
 As to paragraph (b), the affidavit sets forth certain quoted minute entries of the clerk of the court as of July 7, 8 and 9, 1941, wherein it is noted that there was an oral demand for a jury trial, objections made thereto, and the trial court's ruling thereon. These minute entries, if properly certified, may become necessary in considering the questions raised on appeal.
 As to paragraph (c), it is conceded that there was no court reporter present. Counsel for administratrix has merely set forth what he believes "in substance and effect" was stated by Mr. Driscoll in open court bearing on the rights of the claimants he represented, and which it is claimed pertains to their right to recover the full percentage of 30 per cent or whether they would abide the court's decision on a quantum meruit basis. The affidavit of Mr. Driscoll contradicts Mr. Betty's version of the "substance and effect" of his claimed statement in open court. This court, on appeal, should not be called upon to decide any such conflict. In the absence of some properly authenticated record, it would be improper to accept and augment the record on appeal with no more than the controverted affidavit of counsel for administratrix which bore on that subject.
 Motion to augment record with certified copies of minute entries specified in paragraph (b) granted. Remaining portion of motion denied.
 Barnard, P. J., and Marks, J., concurred.