[Civ. No. 3887. Fifth Dist. May 15, 1978.]

DAVID PEREZ MORENO, Petitioner, v.
THE SUPERIOR COURT OF MERCED COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Allen, Van Winkle & Ivey and Michael L. Mason for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Ramon M. de la Guardia, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**FRANSON, J.**—Petitioner is presently awaiting trial on charges of vehicle manslaughter, failing to stop at the scene of an accident, and driving under the influence of intoxicating liquor (Pen. Code, § 192, subd. 3, Veh. Code, §§ 20001, 23101). On November 28, 1977, petitioner was arraigned in the superior court, and on December 22, after a pretrial conference, trial was set for January 3, 1978. On December 30, 1977, four days prior to the scheduled trial date, petitioner filed a motion to suppress evidence pursuant to Penal Code section 1538.5. On January 3, 1978, the trial date was vacated and a hearing on the motion to suppress was continued for personal reasons of petitioner's trial counsel. On January 5, 1978, a second continuance was granted to allow defense counsel to attend to personal matters.

On January 12, 1978, the trial court denied petitioner's motion because petitioner had failed to give the district attorney 10 days' notice of the motion. After denying the motion, the trial court set the matter for trial on February 7, 1978. In setting the trial date, the court expressly stated it was not granting petitioner additional time for the purpose of filing another Penal Code section 1538.5 motion.

On January 13 petitioner renewed his motion to suppress, setting January 25 as the hearing date. On January 25 the trial court denied the motion on the ground that it had not intended its continuance to permit the petitioner to renew his motion.

On February 2 petitioner filed this proceeding, contending that the second motion to suppress, filed on January 13, 1978, was improperly denied.

### DISCUSSION

■ We hold that the superior court erred in denying appellant a hearing on the merits of his motion to suppress evidence.

Penal Code section 1538.5, subdivision (i) provides: "If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, or if the property or evidence relates to a felony offense initiated by indictment, *the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or*

*seizure which shall be heard prior to trial and at least 10 days after notice to the people* unless the people are willing to waive a portion of this time. The defendant shall have the right to litigate the validity of a search or seizure de novo on the basis of the evidence presented at a special hearing. After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his motion at the special hearing." (Italics added.)

The statute makes it clear that a criminal defendant has a right to a hearing before trial to determine the validity of a search and seizure; it is not a matter of judicial discretion. The statute also makes it clear that the prosecution is entitled to 10 days' notice of the motion. The only reasonable construction of the notice requirement is that a defendant must file his motion at least 10 days before the date set for trial. Thus, the trial court correctly held that petitioner's December 30, 1977, motion was untimely filed. At that time the date set for trial was January 3, 1978, and the prosecution had not been given 10 days' notice.

However, the matter does not end here. On January 3d the trial date was vacated, and the hearing on the motion to suppress was continued. On January 12th the court denied the motion and fixed February 7th as the trial date. The next day petitioner refiled his motion, setting January 25th as the hearing date. This motion satisfied the requirement of Penal Code section 1538.5, subdivision (i)—it was made more than 10 days before trial.

Real party in interest cites *Madril* v. *Superior Court* (1975) 15 Cal.3d 73 [123 Cal.Rptr. 465, 539 P.2d 33]; *People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605 [94 Cal.Rptr. 250, 483 P.2d 1202]; and *People* v. *Superior Court (Green)* (1970) 10 Cal.App.3d 477 [89 Cal.Rptr. 223] for the proposition that a court is without jurisdiction to hear a second 1538.5 motion on the same grounds as alleged in the first motion; however, these cases only forbid a second motion when a defendant has had a hearing on the merits of his initial motion. Since the petitioner never received a hearing on the merits of his first motion, the court had jurisdiction to entertain the second motion.

■ Penal Code section 1538.5 was enacted to provide a pretrial determination of search and seizure questions and to provide prosecutorial latitude in seeking appellate review of adverse rulings before jeopardy has attached. (See 22 Assem. Interim Com. Rep., No. 12, Crim.

Procedure, Search and Seizure—Procedure and Challenging Evidence Obtained by Search and Seizure (1967) p. 18; *Kirby* v. *Superior Court* (1970) 8 Cal.App.3d 591, 596 [87 Cal.Rptr. 577].) Petitioner's second motion is fully within the intendment of the statute.

The respondent superior court is directed to vacate its order denying petitioner's right to make a Penal Code section 1538.5 suppression motion and to conduct a hearing as required by that section.

Brown (G. A.), P. J., and Hopper, J., concurred.