[Crim. No. 21000. Feb. 15, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
DARRELL EDWARD BROOKS, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Michael Korn and Alan Baum for Defendant and Respondent.

Wilbur F. Littlefield, Public Defender (Los Angeles), Dennis A. Fischer and Stephen F. Moeller, Deputy Public Defenders, as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**MOSK, J.**—The People appeal from an order dismissing the case against defendant Darrell Edward Brooks. The dismissal was based on an order granting defendant's pretrial motion to suppress evidence (Pen. Code, § 1538.5),[1] which motion the People now contend the trial court lacked jurisdiction to entertain. We are called upon to decide whether, after reversal on appeal of a pretrial order of suppression, the court has jurisdiction to entertain a new or renewed motion to suppress based on grounds raised in the initial motion but which the court declined to reach.

I

The procedural history of the case is germane to this appeal. Defendant was charged in a three-count information with murder (§ 187), assault by means of force likely to produce great bodily injury upon a peace officer (§ 245, subd. (b)), and the possession for sale of a controlled substance, phencyclidine (Health & Saf. Code, § 11378, subd. (a)).

Following his arraignment, defendant pleaded not guilty and made a pretrial suppression motion on the ground of illegal search and seizure. (§ 1538.5.) The minute order setting the motion for hearing referred to motions "to traverse the search warrant" and "to declare entry invalid." At oral argument on the motion, however, the evidence presented and issues considered by the court pertained only to defendant's claims that the reliability of the informant was not adequately established and that the affidavit in support of the search warrant contained misstatements. Sustaining both defense claims, the court granted the motion on the ground of invalidity of the search warrant and suppressed the evidence seized pursuant to the warrant. When the People announced their inability to proceed, the court dismissed on its own motion. (§ 1385.) The People appealed from the dismissal (§ 1238, subd. (a)(7)), and the Court of Appeal reversed in an unpublished opinion.

Defendant then filed a motion to suppress on the ground that the officers who executed the search warrant failed to comply with knock-notice requirements of section 1531. The People did not object to this motion and, following an evidentiary hearing, the trial court found

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

there had been neither literal nor substantial compliance with section 1531 and again suppressed the evidence. As at the first hearing, the People announced their inability to proceed. Defendant asked for dismissal pursuant to section 1385, and the court granted the motion. It is from this dismissal that the People now appeal.[2]

■ The People contend the trial court lacked jurisdiction to entertain defendant's second motion. They assert that during the first hearing defendant had full opportunity to litigate the lawfulness of the search and seizure and was thereafter precluded from seeking a second hearing to present an additional ground for suppression. As will appear, however, we conclude to the contrary. During the first hearing defendant lacked opportunity for a full determination of the merits of his motion as originally made and noticed. Accordingly, the trial court had jurisdiction to entertain defendant's renewed motion for the purpose of affording him the full hearing to which he was initially entitled. And since the People do not complain of error in the court's ruling on the merits of the motion, we shall therefore affirm the judgment.

## II

Section 1538.5 provides a comprehensive and exclusive procedure for the final determination of search and seizure issues prior to trial. Its enactment was chiefly aimed at redressing defects identified in the previously existing procedures: (i) the unnecessary expenditure of time and effort in allowing repeated challenges to the legality of a search or seizure during the course of a criminal proceeding; (ii) the waste of jury time in permitting search and seizure questions to be raised during trial, since the determination of these issues takes place outside the presence

---

[2]The People suggest it was error for the court to act on defendant's motion rather than on its own initiative, requiring reversal of the order of dismissal. Section 1385 provides for dismissal of an action on either the court's own motion or application of the prosecuting attorney, when to do so would be in furtherance of justice, and requires the reasons therefor to be set forth in the order of dismissal. "[W]hile a defendant can informally suggest that a court consider a dismissal of charges against him, section 1385 does not provide for a formal motion by the defense to accomplish the same result. [Citation.]" (*People v. Smith* (1975) 53 Cal.App.3d 655, 657-658 [126 Cal.Rptr. 195].) Our review of the record discloses that defendant's motion in the present case was made in response to the People's statement that they were unable to proceed. The court dismissed "because of the People's refusal to prosecute," albeit it characterized its action as granting defendant's motion to dismiss. In these circumstances, we deem defendant's "motion" more a suggestion to the court than a formal motion. In any event, since reversal of the order of dismissal would not affect the order of suppression, the People have not urged this point.

of the jury; and (iii) the lack of adequate opportunity for the prosecution to obtain appellate review of an adverse decision on a search and seizure question before trial commences and jeopardy attaches. (22 Assem. Interim Com. Rep. (1965-1967) No. 12, Search and Seizure, pp. 13-16, 2 Appen. to Assem. J. (1967 Reg. Sess.) [hereafter cited as Assembly Report]; see *People v. Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473], and cases cited.)

In accordance with these objectives, section 1538.5 requires that a defendant's motion for the return of property or suppression of evidence obtained as a result of a search or seizure be made at an early stage. In the case of a felony offense initiated by complaint, the motion may be made at the preliminary hearing before the magistrate. (Subd. (f).) Additionally, if the defendant is held to answer at the preliminary hearing or the felony is charged by indictment, the defendant is entitled to renew or make the motion in superior court at a special de novo hearing. (Subd. (i).)[3] Thus the defendant is entitled to two suppression hearings, both of which must take place prior to trial. The defendant is not entitled to renew his pretrial motion to suppress at trial and, subject to a narrowly circumscribed exception (subd. (h)), he is not permitted to raise search and seizure issues for the first time at trial.

The People rely on *Madril v. Superior Court* (1975) 15 Cal.3d 73 [123 Cal.Rptr. 465, 539 P.2d 33], for the proposition that a defendant is limited to a single section 1538.5 pretrial hearing in the superior court. We held in *Madril* that "determination of a 1538.5 motion at a special hearing in the superior court—whether in the defendant's or in the People's favor—deprives that court of jurisdiction to reconsider the matter unless the People, pursuant to subdivision (j), seek to reopen the matter *at trial* upon a showing of good cause." (*Id.* at pp. 77-78.) The *Madril* holding would appear at first blush to support the People's contention that the trial court was without jurisdiction to entertain defendant's second motion. Equally enticing is the following statement, quoted with approval in *Madril*: "'Under [section 1538.5] a defendant is entitled to make only one pretrial motion to suppress evidence in the superior court. . . . He is not entitled to a second hearing on the motion prior to trial.'" (*Id.* at p. 77, quoting *People v. Superior Court (Green)* (1970) 10 Cal.App.3d 477, 481 [89 Cal.Rptr. 223].)

---

[3]In the present case defendant moved to suppress the evidence during his preliminary hearing. That motion was denied, and defendant subsequently made his motion to suppress in superior court pursuant to subdivision (i).

The People's reliance on *Madril* and *Green*, however, is wholly misplaced. The codefendants in *Green* moved to suppress evidence under section 1538.5. At the hearing on the motion both defendants were represented by the same attorney; although the judge presiding over the hearing rendered a detailed explanation of the problem of a potential conflict of interests, both defendants consented to the single representation. Following denial of the motion, the defendants retained new and separate counsel and moved to renew their motion to suppress. The motion was granted over the People's objection and a second hearing was held before a different judge. The renewed motion was "submitted on the transcript of the testimony taken at the first hearing supplemented by additional testimony of Agent Feldman which was substantially the same as that given by him at the first hearing." (10 Cal.App.3d at p. 479.) The motion was granted and the People sought mandamus, contending the trial court lacked jurisdiction to conduct a second hearing on the motion before trial. In holding the defendants were not entitled to a renewal of their section 1538.5 motion, the court determined that "defendants had a *full hearing* at which extensive testimony was taken . . . and that the second hearing was directed to the *same motion* on the *same grounds*, raising the *same issues* and submitted on the *same evidence*." (*Ibid.*; italics added.) Observing that a defendant's exclusive means of obtaining review before trial of an adverse ruling on a pretrial motion to suppress is to file for writ of mandate or prohibition (§ 1538.5, subd. (i)), the court found nothing in the statute to indicate review by way of a rehearing was permissible.[4] It was particularly concerned that to permit such a rehearing would result in the same search and seizure issue being raised in "repeated and endless hearings." (*Id.* at p. 480.)

The applicability of the *Green* reasoning to *Madril* is plain on the facts of the latter case. There the respondent court initially granted the defendant's section 1538.5 motion to suppress. One week after the court granted the motion, the People moved for a reopening and reconsideration of the motion on the ground that additional evidence had been omitted from the first hearing "through haste and inadvertence" and needed to be brought to the court's attention. (15 Cal.3d at pp. 74-75.) The court granted the People's motion and held a second hearing, at which time it vacated its first order and denied the motion to suppress. The defendant's petition for writ of mandate presented the question

---

[4]Further review after trial of the validity of a search or seizure may be sought by a defendant on appeal from conviction. (§ 1538.5, subd. (m).)

whether the trial court had jurisdiction to reconsider the section 1538.5 motion prior to trial. In concluding it did not, we repeated an earlier observation that to permit relitigation of search and seizure issues prior to trial, other than review by writ of mandate or prohibition as provided in subdivision (i), would result in the expenditure of judicial resources in "*rehearing* and *redetermining* matters which had already been *fully litigated....*'" (*Id.* at p. 77, quoting *People* v. *Krivda* (1971) 5 Cal.3d 357, 363 [96 Cal.Rptr. 62, 486 P.2d 1262]; italics added.)

Thus both *Green* and *Madril* presented situations in which a party —the defendant in the first instance and the People in the latter— sought review or reconsideration of an adverse ruling rendered after a complete hearing on the search and seizure issues. In *Green* the second hearing amounted to a virtual duplication of the first, whereas in *Madril* the People sought a second opportunity to convince the court of the merits of the position urged by them in the first hearing. In both cases, however, the second hearings were properly characterized as relitigation of matters that the parties had opportunity to fully air in the first hearings. Thus it was both sound and proper to hold the respective courts lacked jurisdiction to entertain the second motions. Such a result is not only consistent with the legislative goal of precluding a party from relitigating the *same* search and seizure question following an adverse decision (see Assembly Report, *supra*, at p. 13), it comports with the statutory provision that "After the special hearing is held in the superior court, any *review* thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition...." (§ 1538.5, subd. (i); italics added.)

Our reading of the record before us discloses a readily distinguishable set of circumstances. The trial court's minute order of November 3, 1976, set for hearing on December 13, 1976, the "Motion of defendant to traverse the search warrant and motion to declare entry invalid...." Hearing on the motion was continued several times and the corresponding minute orders referred to defendant's "motion to traverse and quash the search warrant." The hearing commenced on February 2, 1977, and lasted two days. In the early stages of the hearing the following colloquy took place during the examination of a defense witness:

"[Prosecuting attorney]: Excuse me, Counsel. Just so we can keep the record clear, are we now getting beyond the sufficiency of the affidavit on the warrant itself and are we getting into the service of the warrant?

"[Defense attorney]: I suppose we are, your Honor, although—

"[Prosecuting attorney]: Wouldn't it be better to make a record on one thing first?

"    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"THE COURT: Well, let's stick to the warrant, the sufficiency of the warrant.

"[Defense attorney]: All right. Very well."

Defendant's attorney continued to present evidence limited to the issue of the sufficiency of the search warrant and then stated, "I have no further witnesses to call in furtherance of the motion." The trial court subsequently announced its decision to grant the motion to suppress on the ground of invalidity of the search warrant, whereupon the prosecutor requested a conference in chambers in order to discuss a "procedural problem." Following a recess the proceedings continued and the following dialogue took place:

"[Prosecuting attorney]: The next thing is that our office feels—I know I've talked to counsel and the Court about this and I know your position but they request that I recommend or request that we complete the hearing or that we complete all matters pertaining to the service of the warrant and the seizure of the material so that this can be presented at one time to the Appellate Courts. [¶] They feel that it should not be presented piecemeal. Should we prevail in the Appellate Court on this motion, we would be back here and then we'd have a 1531 motion and conceivably, we could be back in the Appellate Court a second time, before we even get to trial. [¶] So they request that I recommend to the Court and counsel that we hear all matters pertaining to the suppression of the evidence at this time and they feel that there is some possibility that counsel's failure to proceed at this time could be considered a waiver. I don't know but—

"THE COURT: Well, I wouldn't construe [it] as a waiver because I wouldn't proceed anyway on a 1531. The warrant having been quashed, I think that that question becomes moot, as far as if I am in error and the Appellate Courts reverse me....I still don't believe that a 1531 motion would cause any problems at that time."

On the basis of these observations several conclusions can be drawn about the nature of the first hearing on the motion to suppress. We first note it is unfortunate the record is lacking in clarity as to the precise grounds for defendant's initial motion under section 1538.5; we recognize it was defendant's obligation to specify these grounds. (See *People v. Manning* (1973) 33 Cal.App.3d 586, 598 [109 Cal.Rptr. 531].) We are able, however, to glean from the record that defendant initially moved to suppress evidence on the grounds of both invalidity of the search warrant and invalid entry. Although the record refers to two separate motions, in fact they each represent an alternative ground for the suppression of evidence. This characterization is consistent with the above-quoted discussion concerning the section 1531 motion, which clearly the parties and the court recognized as an alternate ground to the invalidity of the warrant then being argued.

Moreover, the transcript of the preliminary hearing, which preceded the special hearing in superior court, reveals that defendant first presented evidence and argument on a motion to traverse and quash the search warrant which was denied, and next proceeded with his section 1531 motion which was also denied. Although the motions were presented in sequence, prior to arguing the invalidity of the search warrant defendant made clear he had an alternate ground under section 1531 for objecting to the evidence. Thus it appears obvious that it was always defendant's intention to move to suppress on both grounds. Accordingly, we reject the People's contention that the sole basis for defendant's initial section 1538.5 motion, as argued at the first hearing in the trial court, was the invalidity of the search warrant.

Nor is there merit in the People's claim that defendant volitionally withdrew his objection to the evidence on the ground of invalid entry under section 1531. It is clear the court chose to hear separately the parts of what was in effect a single motion to suppress. It matters little whether, as defendant alleges and the record largely substantiates, the court directed the bifurcation, or whether it was by agreement of the parties, explicit or implied. Doubtless this was an orderly manner in which to conduct the hearing and we can only surmise that had the court decided to deny defendant's motion on the first ground presented, it would have proceeded to hear evidence and argument on the second ground as did the magistrate during the preliminary hearing. The significant observation is that the court, having suppressed the evidence on one ground, was unwilling—indeed, deemed it unnecessary—to consider

the alternate ground urged for suppression. Thus defendant was deprived of an opportunity for a full hearing on the merits of his entire motion to suppress as initially made. Consequently the renewed hearing amounted to neither consideration of a second section 1538.5 motion nor a relitigation of his original motion, but rather a completion of the full hearing to which he was entitled.

At the commencement of the renewed hearing, in order to clarify whether the motion before the court was under section 1538.5 or section 1531, counsel for the People stated: "Normally, a 1531 Motion would be part and parcel of a 1538.5 hearing. However, at the time the initial hearing was held, this court determined that should the matter come back from a reviewing court, that we'd go into 1531 at this time, and that's I guess why we're here today." We conclude the record clearly reveals that defendant, the People, and the trial court at all times fully comprehended the existence of alternative grounds for the suppression of evidence seized pursuant to the search warrant.

*Moreno* v. *Superior Court* (1978) 80 Cal.App.3d 932 [146 Cal.Rptr. 35], is instructive in determining the rights of a defendant who has been denied a full hearing on the merits of his motion to suppress under section 1538.5. There the defendant in filing his motion failed to give the district attorney the requisite 10 days' notice of the motion. (§ 1538.5, subd. (i).) The trial court denied the motion for failure to comply with the statute and set the matter for trial some 26 days hence. On the following day the defendant renewed his motion to suppress. On the hearing date the trial court denied the motion, explicitly stating that in setting the trial date it had not intended to afford the defendant additional time in which to file and properly notice a second section 1538.5 motion. On petition for writ of mandate the Court of Appeal vacated the order denying the defendant's motion and directed the trial court to conduct a hearing on the merits of the motion. Although the People relied on *Madril* and *Green* for the proposition that a court lacks jurisdiction to entertain a second section 1538.5 motion on the same grounds as alleged in the first motion, the *Moreno* court drew a distinction: "these cases only forbid a second motion when a defendant has had a hearing on the merits of his initial motion. Since the [defendant] never received a hearing on the merits of his first motion, the court had jurisdiction to entertain the second motion." (80 Cal.App.3d at p. 935.)

The People fail to distinguish *Moreno*, except to insist that defendant was not precluded from raising "any relevant issue" during the first pre-

trial hearing. We recognize that *Moreno* differs from the instant case by virtue of that trial court's refusal to conduct any hearing on the merits of the defendant's motion. But the principle for which *Moreno* stands is that a defendant's right to a pretrial suppression hearing is determined by statute and is not a matter of judicial discretion.

## III

■ Whether the trial court abused its discretion in declining to hear defendant's alternate ground for suppression during the first hearing we comment on only briefly.

Defendant asserts the court acted soundly in initially declining to hear an issue rendered superfluous by its original suppression ruling. The People, conversely, suggested during the first hearing that considerations of economy dictated disposing of all grounds for suppression in one hearing so that one appeal could be taken.

In circumstances such as this, in which the trial court has determined that presentation of evidence on additional grounds for suppression is unnecessary after it has determined to grant the motion on the first ground, we must balance the policy behind section 1538.5 of conserving judicial resources and efficiently resolving all pretrial matters in one hearing against a defendant's right to have his objections to the evidence fully aired. To compel the court to take evidence on all grounds for suppression raised in the same motion may require a tedious and superfluous proceeding when an order to suppress based on the first ground might stand up on appeal or, indeed, not be appealed.[5] On the other hand, to deny a defendant the opportunity to litigate his alternate grounds in the event the order of suppression is reversed not only results in prejudice to the defendant, but is fundamentally at odds with the statutory goal of achieving pretrial determination of search and seizure issues.

We are reluctant to suggest an inflexible rule for the guidance of trial courts confronted with these circumstances. They should be afforded discretion in determining whether judicial economy would best be served by conducting a full hearing pursuant to section 1538.5 on all

---

[5] Of course, if the court has heard the evidence pertaining to additional grounds for suppression, judicial economy will best be served by an immediate ruling on all such grounds.

grounds urged for suppression, or by bifurcating the issues. The desirable course of action will depend on a variety of factors, including the number of grounds for the motion to suppress, the number of witnesses expected to be called in support of each ground, and the extent to which the evidence on the first ground pertains to the other grounds. In the present case 2 witnesses testified in the first hearing in support of the first ground for suppression, with testimony and argument covering some 166 pages of transcript; in the second hearing 8 witnesses appeared, none of whom had testified in the first hearing, with testimony and argument necessitating a record of 242 pages. In these circumstances we cannot say the court abused its discretion in limiting the scope of the first proceeding.

█ Where, as here, the trial court elects to bifurcate the suppression hearing, grants the defendant's motion on the first ground presented, and is subsequently reversed on appeal, the reviewing court should remand to the trial court for disposition of the alternate grounds for suppression. (§ 1260.) The People insist, however, that following a ruling in a pretrial suppression hearing under section 1538.5, a reviewing court may not remand the case for the purpose of taking additional evidence and argument on the search and seizure issues, citing *Lorenzana* v. *Superior Court* (1973) 9 Cal.3d 626, 640 [108 Cal.Rptr. 585, 511 P.2d 33]. In *Lorenzana* we rejected the People's assertion that even if the trial court erred in holding the challenged search constitutional, the case should still be remanded to enable the People to argue that the contested evidence was not the fruit of illegality. We held that during the pretrial hearing all parties were obligated to present all testimony and legal theories relevant to the admissibility of the evidence: "To allow a reopening of the question on the basis of new legal theories to support or contest the admissibility of the evidence would defeat the purpose of Penal Code section 1538.5 and discourage parties from presenting all arguments relative to the question when the issue of admissibility is initially raised." (*Ibid.*) (Cf. *McQuillan* v. *Appellate Department* (1977) 71 Cal.App.3d 543, 546 [139 Cal.Rptr. 514].) *Lorenzana* is thus plainly distinguishable on its facts, as the People there sought to raise for the first time on appeal a new ground for the admissibility of evidence.

## IV

After we granted a hearing in this case, defendant filed an application to augment the record on appeal to include a declaration of the

trial judge who presided over both suppression hearings in the superior court. The declaration pertains to the in-chambers conference held during the first hearing and not reported, to which we refer earlier. (*Ante*, p. 479.) The People then filed a response to the application which, though not opposing it, contains a declaration of the then deputy district attorney who represented the People at the first hearing. This declaration relates to certain conversations between the declarant and defense counsel. Defendant subsequently filed a declaration of his attorney that essentially controverts the statements in the declaration submitted by the People.

■    Augmentation of a record on appeal is provided for in rule 12(a) of the California Rules of Court. The function of the augmentation procedure is to supplement an incomplete but existing record (*Wagner* v. *Chambers* (1965) 232 Cal.App.2d 14, 21 [42 Cal.Rptr. 334]), and the rule is to be construed liberally (*People* v. *Gaston* (1978) 20 Cal.3d 476, 483 [143 Cal.Rptr. 205, 573 P.2d 423]). Augmentation is not available, however, for the purpose of adding material that was not a proper part of the record in the trial court. (*People* v. *Wein* (1958) 50 Cal.2d 383, 411 [326 P.2d 457] [overruled on another ground in *People* v. *Daniels* (1969) 71 Cal.2d 1119, 1140 (80 Cal.Rptr. 897, 459 P.2d 225)].)

Defendant relies on *S. F. etc. Sch. Dist.* v. *Bd. of Nat. Missions* (1954) 129 Cal.App.2d 236, 241 [276 P.2d 829], for the proposition that it is proper, in the interest of justice, to augment the record on appeal to include an affidavit of the trial judge. In that case, however, augmentation was permitted for the purpose of showing what evidence was before the trial court when it decided the case; specifically, the affidavit of the trial judge was offered to reveal that he had viewed the subject premises in a condemnation proceeding. Similarly, augmentation has been permitted to add unreported matters to the record where it was deemed necessary to "make the record conform to the truth." (*Gibson* v. *Southern Pacific Co.* (1955) 137 Cal.App.2d 337, 346 [290 P.2d 347, 63 A.L.R.2d 1205].) In *Gibson* the record on appeal was augmented with a certificate of the trial judge in order to establish that a motion on a directed verdict was argued in chambers. The motion was transferred to chambers to avoid inconveniencing the jurors and was, in all respects, a full court session. (*Id.* at pp. 344-345.)

The application for augmentation in the present case is entirely different: it seeks to introduce the substance of a discussion that was not

properly part of the record below. In any event, as we earlier indicate, the record adequately speaks for itself in setting forth the in-court statement of the trial judge following the conference in chambers that he would not proceed on the section 1531 matters since he deemed them moot. (*Ante*, p. 479.)[6]

As to the conflicting declarations of counsel for the People and for defendant, we agree with *Estate of Cazaurang* (1945) 69 Cal.App.2d 1, 5 [158 P.2d 48], in which the court denied a motion to augment the record insofar as it sought to introduce matters for which the supporting affidavit of counsel was controverted: "This court, on appeal, should not be called upon to decide any such conflict."

The application to augment the record on appeal is denied. The judgment is affirmed.

Bird, C. J., Tobriner, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.

---

[6]In light of this conclusion it is unnecessary to treat the motion as a request for findings of fact on appeal pursuant to Code of Civil Procedure section 909, and rule 23(b) of the California Rules of Court.