[No. G042894. Fourth Dist., Div. Three. June 29, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD WILLIAM HONAN, Defendant and Appellant.

COUNSEL

Bruce W. Nickerson for Defendant and Appellant.

Tony Rackauckas, District Attorney, and Anna Chinowth, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

ARONSON, J.—A jury convicted Donald William Honan of one count of lewd conduct (Pen. Code, § 647, subd. (a)), and one count of indecent exposure (§ 314, subd. 1).[1] At sentencing, the trial court placed Honan on three years' informal probation with terms and conditions that included lifetime registration as a sex offender based on his indecent exposure conviction, as required by section 290.

Honan successfully appealed the registration requirement to the Appellate Division of the Orange County Superior Court on equal protection grounds.

---

[1] All further statutory references are to the Penal Code.

The appellate division agreed with Honan's contention that mandatory sex offender registration for a conviction under section 314, subdivision 1, violates the constitutional guaranty of equal protection under the law. Reversing the judgment, the appellate division remanded the case to the trial judge for further proceedings under section 290.006 (discretionary registration).

The appellate division certified its opinion for publication and we transferred the matter here for review. We conclude Honan's equal protection challenge lacks merit and thus affirm the registration requirement imposed by the trial court.[2]

## I

### FACTS

Jose Martinez-Gutierrez testified that on February 17, 2008, he entered the sauna at a 24 Hour Fitness. The sauna had wooden benches on two levels and he sat on the lower bench, speaking on his cell phone. Defendant entered and sat on the higher level, across from Martinez-Gutierrez. When Martinez-Gutierrez looked up, he saw defendant staring at him with his erect penis in his hand, out of his shorts. Defendant was smiling at Martinez-Gutierrez and stroking his penis in an up-and-down motion, "like masturbation." Uncomfortable, Martinez-Gutierrez got up and walked out of the sauna.

A short time later, Martinez-Gutierrez returned to the sauna, angry that defendant's behavior had forced him to leave. Again, he noticed defendant looking at him and stroking his exposed penis. At this, Martinez-Gutierrez confronted defendant by saying, "What the fuck?" Defendant replied, "What?" Martinez-Gutierrez reported the incident to the manager of 24 Hour Fitness and then called 911.

The prosecution initially charged Honan with a single count of lewd conduct (§ 647, subd. (a)), but on the day of trial amended the complaint to add a charge of indecent exposure (§ 314, subd. 1).[3] The jury convicted Honan of both misdemeanors.

---

[2] In transferring the case here from the appellate division, we limited our review solely to the issue of whether mandatory registration pursuant to section 290 for a conviction of section 314, subdivision 1, violates the equal protection clause of the state and federal Constitutions. The appellate division affirmed Honan's conviction of indecent exposure and lewd conduct, and our transfer order did not affect that part of the judgment.

[3] Defendant filed a motion to augment the record on appeal with a declaration from his counsel, based on counsel's extensive experience in defending lewd conduct cases, concerning the purported strategy of "district attorneys state wide" in filing indecent exposure charges. Counsel avers that prosecutors routinely use the *threat* of an indecent exposure charge, with its mandatory registration requirement, as a "club" to force defendants to plead guilty to a lewd conduct charge, which has no mandatory registration requirement. Without ruling on the

At sentencing, the trial court stated that section 290 mandates a lifetime sex offender registration requirement for the indecent exposure conviction; otherwise, the court would not have ordered Honan to register as a sex offender. The court rejected Honan's argument that the mandatory registration requirement violated equal protection.

## II

### DISCUSSION

■ Honan bases his claim of an equal protection violation on section 290's differing treatment of two closely related sex offenses: indecent exposure and lewd conduct. Section 290 requires mandatory lifetime registration for a person convicted of indecent exposure (§ 314, subd. 1), but not for a person convicted of lewd conduct (§ 647, subd. (a)).[4] Honan asserts that because the *same* conduct can underlie both convictions, as was the case here, there is no rational basis for the disparate treatment. Consequently, the registration requirement imposed on him is unconstitutional and must be vacated. Honan's argument is unpersuasive.

■ The federal and state constitutional guaranty of equal protection under the law means "that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." (*People v. Romo* (1975) 14 Cal.3d 189, 196 [121 Cal.Rptr. 111, 534 P.2d 1015].) " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199 [39 Cal.Rptr.3d 821, 129 P.3d 29], original italics (*Hofsheier*).)[5]

relevance of the declaration's contents, we find the declaration is not proper material for augmentation of the record. (See Cal. Rules of Court, rules 8.1010, 8.860; *People v. Brooks* (1980) 26 Cal.3d 471, 484 [162 Cal.Rptr. 177, 605 P.2d 1306] ["Augmentation is not available . . . for the purpose of adding material that was not a proper part of the record in the trial court."].) Consequently, the motion to augment is denied.

[4] Section 290 requires anyone convicted of certain enumerated sex offenses to register as a sex offender for life. The enumerated offenses, set forth in subdivision (c) of that statute, include indecent exposure. (§ 314, subd. 1.) A conviction of lewd conduct (§ 647, subd. (a)), on the other hand, can result in a lifetime registration requirement only if the trial court finds "the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification" (§ 290.006).

[5] "The second requirement is that the challenger establish that there is no rational relationship to a legitimate state purpose for the state's having made a distinction between two similarly situated groups. (*Hofsheier*, [*supra*, 37 Cal.4th] at pp. 1200–1201.)" (*People v. Cavallaro* (2009) 178 Cal.App.4th 103, 110 [100 Cal.Rptr.3d 139] (*Cavallaro*).)

Honan's constitutional challenge fails because he has not demonstrated that persons convicted of indecent exposure are similarly situated to those convicted of lewd conduct.

■ A person "[w]ho solicits anyone to engage in or who engages in lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view" commits the crime of lewd conduct. (§ 647, subd. (a).) The California Supreme Court has construed this broad language more narrowly so that the statute now prohibits "only the solicitation or commission of conduct in a public place or one open to the public or exposed to public view, which involves the touching of the genitals, buttocks, or female breast, for purposes of sexual arousal, gratification, annoyance or offense, by a person who knows or should know of the presence of persons who may be offended by the conduct." (*Pryor v. Municipal Court* (1979) 25 Cal.3d 238, 244 [158 Cal.Rptr. 330, 599 P.2d 636] (*Pryor*).)

There are two aspects to the intent or knowledge element of this crime as defined by the Supreme Court in *Pryor*. First, the touching must be done for "purposes of sexual arousal, gratification, annoyance or offense." (*Pryor, supra*, 25 Cal.3d at p. 244.) Second, the violator must know or should know that others who may be offended are present to witness the touching. (*Ibid.*) Given these parameters, lewd conduct can include risqué, consensual touching that is open to public view, not because the parties specifically intended that others watch, but rather as a result of the participants' sheer recklessness. An example of such lewd conduct is a couple engaging in a sexual encounter in a public restroom or in a parked car.

■ The elements of the crime of indecent exposure differ from those that comprise lewd conduct. As the court explained in *People v. Carbajal* (2003) 114 Cal.App.4th 978 [8 Cal.Rptr.3d 206], "Generally, a conviction for indecent exposure requires proof of two elements: '(1) the defendant must willfully and lewdly expose the private parts of his person; and (2) such exposure must be committed in a public place or in a place where there are present other persons to be offended or annoyed thereby.' [Citation.]" (*Id.* at p. 982.) The Supreme Court has construed *willful* and *lewd* exposure of private parts to mean "that the actor not only meant to expose himself, but intended by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification, or affront." (*In re Smith* (1972) 7 Cal.3d 362, 364, 366 [102 Cal.Rptr. 335, 497 P.2d 807], fn. omitted.)

The nature of the specific intent required for indecent exposure, then, is quite distinct from that involved in lewd conduct. A person who exposes his private parts with the intent "to direct public attention to his genitals" is necessarily engaged in a purposeful and aggressive sexual display designed to provoke others. In contrast, lewd conduct can be committed by one who blithely *ignores* the risk of being seen and acts *despite* the presence of others, rather than because of it. Thus, while brazen conduct like defendant's public masturbation can constitute lewd conduct, so too can sexual touching between consenting persons done without the intent to be seen by anyone.

█ The different intent element of these two offenses is a sufficient basis for finding that, for purposes of the mandatory registration requirement in section 290, persons convicted of indecent exposure are not similarly situated with persons convicted of lewd conduct. (See *Cavallaro, supra,* 178 Cal.App.4th at p. 114 [one basis for finding persons convicted of § 288 not similarly situated with those convicted of § 261.5 is the "higher mental state required for a conviction" under § 288].)

Another difference between the two crimes is where they can occur. While lewd conduct is always committed in "any public place or in any place open to the public or exposed to public view" (§ 647, subd. (a)), indecent exposure can be committed "in any public place, *or in any place where there are present other persons to be offended*" (§ 314, subd. 1, italics added). The fact indecent exposure can be committed in a private space, where a victim might feel personally threatened or even trapped, underscores the aggressive nature of that crime and suggests it poses a potentially greater danger than the commission of lewd conduct. This aspect of the crime is yet another factor weighing against finding persons convicted of indecent exposure and lewd conduct to be similarly situated.

Defendant attempts to support his equal protection argument by citing *Hofsheier, supra,* 37 Cal.4th 1185. In *Hofsheier,* the Supreme Court held that imposing a mandatory registration requirement on the defendant for his conviction of nonforcible oral copulation with a 16-year-old girl (§ 288a, subd. (b)(1)) violated equal protection because persons convicted of nonforcible sexual intercourse with a 16 year old (§ 261.5, subd. (a)) are not required to register. The Supreme Court found offenders under both statutes are similarly situated because both offenses concern sexual conduct with minors, and the only difference between the two offenses is the nature of the sexual

act. (*Hofsheier*, at p. 1200.) Finding the two groups of offenders similarly situated, the high court went on to apply "rational relationship" scrutiny to " 'determine whether distinctions between the two groups justify the unequal treatment.' " (*Ibid.*) *Hofsheier* is inapplicable to the present case, however. Unlike the two groups of sex offenders compared in *Hofsheier*, those convicted of indecent exposure are not similarly situated with those convicted of lewd conduct. As explained above, there are meaningful differences between these two offenses.

Also unhelpful to Honan's position is his reliance on a recent Ninth Circuit case, *Nunez v. Holder* (9th Cir. 2010) 594 F.3d 1124. In *Nunez*, the court held the crime of indecent exposure is not "categorically" a crime of moral turpitude for immigration purposes because the range of conduct proscribed by section 314 is so broad. (*Nunez*, at p. 1133.) Although Honan is not entirely clear on how this case supports his position, we interpret his argument to mean the Legislature acted unreasonably in requiring mandatory registration for persons convicted of section 314, subdivision 1. Or, in the parlance of equal protection analysis, he asks us to engage in a "rational relationship" scrutiny of the Legislature's choice to mandate registration for those convicted of indecent exposure but not for those convicted of lewd conduct. (See *Hofsheier, supra*, 37 Cal.4th at p. 1200.) We need not consider the Legislature's *reasons* for treating these two groups of offenders differently, however, because Honan has failed to satisfy the " 'first prerequisite to a meritorious claim under the equal protection clause' ": He has failed to show these two groups are similarly situated. (*Id.* at p. 1199.)

■ Finally, defendant argues that where "as in the instant case, the conduct may overlap, i.e., either or both offenses may be charged," mandatory registration for only one of the possible offenses "is a clear violation of equal protection." Defendant is mistaken. A prosecutor's " 'traditional charging discretion,' " which can determine whether an offender is subject to the mandatory registration requirement or, in fact, any charges at all, will not support an equal protection challenge. (*Cavallaro, supra*, 178 Cal.App.4th at p. 116.)

■ Defendant has not shown " 'that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Hofsheier, supra*, 37 Cal.4th at p. 1199, original italics.) Because defendant has failed to establish the first prerequisite for an equal protection challenge, we reject his claim that mandatory registration as a consequence of his section 314, subdivision 1, conviction is unconstitutional.

## III

### DISPOSITION

The judgment is affirmed.

Sills, P. J., and Ikola, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 13, 2010, S185239. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.