Filed 5/2/13  P. v. Bedier CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MOHAMAD BEDIER et al.,<br><br>    Defendants and Appellants. | B241606<br><br>(Los Angeles County<br>Super. Ct. No. BA292964) |

APPEALS from orders of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed.

Goldberg & Associates and Julie A. Goldberg for Defendants and Appellants.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Haifa and Mohamad Bedier (defendants) appeal from May 18, 2012 orders denying their nonstatutory motions to vacate their guilty pleas. Defendants challenge convictions entered in 2006 in order to eliminate them as a basis for deportation. We affirm the trial court's orders.

# II. PROCEEDINGS IN THE TRIAL COURT

Defendants are Lebanese citizens who were legal residents of the United States. Defendants each pleaded guilty on August 14, 2006, to one count of welfare fraud. (Former Welf. & Inst. Code, § 10980, subd. (c)(2), Stats. 2002, ch. 1022, § 23.5.) Defendants were represented by counsel and assisted by Arabic language interpreters when they entered their pleas. The trial court advised them, "If you are not a citizen of the United States, a plea in this case will result in deportation, denial of naturalization, denial of re-entry into this country as well as exclusion from admission." The trial court placed defendants on three years' formal probation.

Four years later, on March 31, 2010, the United States Supreme Court issued its opinion in *Padilla v. Kentucky* (2010) 559 U.S. 356, __ [130 S.Ct. 1473, 1486-1487]. *Padilla* held that before pleading guilty a defendant is entitled to the effective assistance of competent counsel, including advice of the possible immigration consequences of a plea. (*Chaidez v. United States* (2013) 568 U.S. __, __ [133 S.Ct. 1103, 1105]; *Padilla v. Kentucky*, *supra*, 559 U.S. at p. __ [130 S.Ct. at pp. 1486-1487].)

Nearly six years after pleading guilty, and two years after *Padilla* was decided, on March 26, 2012, defendants filed motions to vacate their pleas. Defendants had completed their California probation. In addition, they were in removal proceedings before federal immigration authorities. Defendants contended their trial counsel was ineffective in failing to advise them of the immigration consequences of their pleas. Although they had discussed potential immigration consequences with counsel, they did

not recall what their attorney had advised them.  Nor did they recall any advisement by the trial court at the plea hearing.[1]  The trial court denied the motions.

## III.  DISCUSSION

### A.  Probable Cause Certificates

Defendants were required to obtain probable cause certificates in order to appeal from the denial of their nonstatutory motions to vacate their guilty pleas.  (Pen. Code,

---

[1]      In support of their motions, defendants each declared:  "Due to the guilty plea I entered in this case in 2006, I am now in removal proceedings before the U.S. Department of Homeland Security.  I am informed and believe that I am subject to removal from the United States and disqualified from any form of immigration relief due solely to my felony conviction in this case.  [¶]  . . .  [¶] . . . Prior to making my plea in August 2006, I discussed this matter with my attorney, Frank Gomez.  I do not recall Mr. Gomez advising me that a guilty plea in my case would result in my certain removal from the United States . . . or bar any future immigration applications I might file.  I do not recall Mr. Gomez informing me that my plea in this case would be considered an aggravated felony for immigration purposes.  [¶]  . . . Mr. Gomez, prior to my plea in this case, advised me that he would consult with an attorney with specialized knowledge of U.S. immigration laws and regulations regarding the immigration consequences I would face after pleading guilty to violating [Welfare and Institutions Code, section] 10980[, subdivision] (c) in this case.  I do not recall, before my plea was taken, of being informed of the immigration results of this consultation, or if Mr. Gomez had received any notification that my felony plea in this case would result in my certain removal from the United States.  [¶]  . . .  I do recall Mr. Gomez informing me that if I did not accept the District Attorney's  plea offer, I would most certainly serve time in jail.  [¶]  . . .  When I stood before the Court, although I was assisted by a[n] Arabic language interpreter, I was extremely nervous.  I do not recall the Judge ever explaining to me, when I made my plea, that my guilty plea would mean that I would have no opportunity to stay in the United States, that I may be removed or that my plea would foreclose any future immigration applications that I may file.  [¶]  . . . Had I known that my plea would lead to my certain removal from the United States, and prohibit me from any immigration relief in the future, I would not have entered a guilty plea to [Welfare and Institutions Code section] 10980[, subdivision] (c) in August 2006.  [¶]  . . .  Of note, I have paid all ordered restitution and have completed all ordered community service."

3

§ 1237.5, subd. (b); *People v. Rodriguez* (2012) 208 Cal.App.4th 998, 1000; cf. *People v. Placencia* (2011) 194 Cal.App.4th 489, 491-495 [Pen. Code, § 1016.5 motion].) The record includes a signed and filed certificate of probable cause for Mr. Bedier and a substantially identical *unsigned and unfiled* certificate of probable cause for Ms. Bedier. However, defendants had filed a joint motion for reconsideration of the trial court's ruling denying their nonstatutory motions. The trial court denied reconsideration. In addition, the minute order of that date states in part, "The request for certificate of probable cause is granted." We recognize that the probable cause certificate requirement is strictly construed. (*In re Chavez* (2003) 30 Cal.4th 643, 651; *People v. Mendez* (1999) 19 Cal.4th 1084, 1098.) However, there is no logical reason for the trial court to grant Mr. Bedier a probable cause certificate but deny Ms. Bedier the same. Therefore, we construe the trial court's probable cause certificate ruling as applying to both defendants.

## B. The Record On Appeal

Defendants sought to augment the record on appeal. However, with the exception of the August 14, 2006 reporter's transcript of their guilty pleas, there was no showing any of the documents were filed in the trial court. As a result, they could not be included in the record on appeal. (*Vons Companies, Inc., v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3; *People v. Brooks* (1980) 26 Cal.3d 471, 484; *People v. Honan* (2010) 186 Cal.App.4th 175, 179, fn. 3.) Apart from the aforementioned reporter's transcript, we have not considered any of the documents submitted as part of defendants' augmentation request.

## C. Penal Code[2] Section 1016.5

Penal Code section 1016.5, subdivision (a) states: "Prior to acceptance of a plea of guilty or nolo contendere . . . the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." As noted above, when defendants pled guilty in 2006, the trial court gave the required advisement. Defendants and 12 co-defendants were present at that hearing. Defendants assert for the first time on appeal that the trial court's blanket advisement in a multiple defendant plea hearing did not meet the requirements of Penal Code section 1016.5. This argument was forfeited by failing to raise it in the trial court. (*People v. Fuiava* (2012) 53 Cal.4th 622, 691; *People v. Lewis and Oliver* (2006) 39 Cal.4th 970, 991.)

Even if the issue were properly before us, we would not find in defendants' favor. Defendants were present, represented by counsel and assisted by Arabic language interpreters during the plea proceedings. The trial court explicitly advised defendants, "If you are not a citizen of the United States, a plea in this case will result in deportation, denial of naturalization, denial of re-entry into this country as well as exclusion from admission." Defendants subsequently entered their guilty pleas. That other co-defendants were present when the advisement was given is constitutionally and statutorily irrelevant. Defendants were present when the trial court told them their pleas had potential immigration consequences. There is no evidence the presence of additional co-defendants prevented the present defendants from hearing and understanding the advisement.

---

[2] Further statutory references are to the Penal Code.

D.  The Nonstatutory Motions To Vacate Guilty Pleas

An ineffective assistance of counsel claim as asserted here is not one encompassed by section 1016.5.  (*People v. Kim* (2009) 45 Cal.4th 1078, 1107, fn. 20 (*Kim*); *People v. Limon* (2009) 179 Cal.App.4th 1514, 1519; *People v. Chien* (2008) 159 Cal.App.4th 1283, 1285.)  Nor is it an appropriate claim for relief on a nonstatutory motion to vacate a guilty plea or judgment, i.e., a writ of error *coram nobis.*  (*Kim, supra,* 45 Cal.4th at p. 1104; *In re Nunez* (1965) 62 Cal.2d 234, 236; *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477.)  Defendants' claim should have been raised in a new trial motion or a habeas corpus petition.  (*Kim, supra,* 45 Cal.4th at p. 1104; *People v. Buggs* (1969) 272 Cal.App.2d 285, 289.)  But because defendants had completed their California probation and were in federal immigration removal proceedings, they were ineligible for a habeas corpus writ from a state court.  (*People v. Villa* (2009) 45 Cal.4th 1063, 1066, 1071-1072; *Kim, supra,* 45 Cal.4th at p. 1084; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1149; *People v. Gari* (2011) 199 Cal.App.4th 510, 517, fn. 5; *People v. Vasilyan* (2009) 174 Cal.App.4th 443, 453.)  The trial court's order must be affirmed.  Finally, nothing in *Padilla v. Kentucky*, *supra*, 559 U.S. at page __ [130 S.Ct. at pages 1486-1487] has any effect on this case.  All of the relevant events in this case took place prior to the issuance of the *Padilla* opinion on March 31, 2010.  (*Chaidez v. United States*, *supra*, 568 U.S. at p. __ [133 S.Ct. at p. 1105].)

## IV.  DISPOSITION

The orders are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

KRIEGLER, J.

O'NEILL, J.*

---

*       Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.