[Crim. No. 37347. Second Dist., Div. Two. Mar. 6, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
GILBERT FRANK LOPEZ, Defendant and Appellant.

**COUNSEL**

Stephen Bernard for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Frederick Grab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BEACH, J.**—Following a denial of his motion to suppress evidence, appellant entered pleas of nolo contendere to two counts each of receiving stolen property (Pen. Code, § 496), and grand theft (Pen. Code, § 487, subd. 1). Upon the People's motion, the trial court ordered the remaining 8 counts dismissed in the furtherance of justice and placed appellant on probation for 3 years on the condition, among others, that he spend the first 280 days in the county jail.

Appellant appeals, challenging (1) the trial court's ruling on the suppression motion (appellant claims that the court's action was an impermissible "reconsideration of its earlier ruling"); and (2) the constitutionality of Vehicle Code section 2805, which permits a member of a city police department or county sheriff's office to conduct a warrantless inspection of a vehicle at an automobile repair shop or dismantler lot, or any similar establishment, for the purpose of locating stolen vehicles. We affirm.

## DISCUSSION

### 1. *Trial Court's Ruling on Suppression Motion*

Appellant contends the superior court, having once granted his suppression motion, was without jurisdiction to "reconsider" it prior to trial. A summary of the relevant procedural background follows:

March 9, 1979: Superior court takes suppression motion under submission.

March 14, 1979: Court grants People's motion to reopen hearing on suppression motion to explain ambiguity in preliminary hearing record, and continues matter to March 16.

March 16, 1979: Court grants suppression motion on the ground that Vehicle Code section 2805, as applied to this case, is unconstitutional, but court continues the hearing to March 29, 1979, to rule on the issue of consent.

March 29, 1979: Court, on its own motion, reconsiders the earlier granting of the suppression motion, on the one ground, and denies the motion in its entirety.

■ A court of law has certain inherent powers. Among them is that power or jurisdiction "to amend and control its processes and orders so as to make them conformable to law and justice." (Code Civ. Proc. § 128; 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 116, p. 385, § 121, p. 390.) It follows that unless otherwise clearly limited by statute in a particular proceeding, a court's rulings on motions are not irrevocably cast in concrete and a decision on a motion is not ordinarily res judicata. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings without Trial, § 27, p. 2695.) In civil cases a court has statutory power to prevent vexacious renewals of a motion made and denied; but even there, the statute (Code Civ. Proc. § 1008) does not deprive a court of jurisdiction to entertain a "second" motion. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings without Trial, § 28, p. 2696.) But more importantly, Code of Civil Procedure section 1008 recognizes the availability of, and sets forth the requirements for renewal of a motion "upon an alleged different state of facts."

■ In the field of criminal law, Penal Code section 1538.5 prescribes the procedure by which motions to return property or suppress evidence shall be made. But nowhere in that section has the court's inherent power, described above, been removed.

*Madril v. Superior Court* (1975) 15 Cal.3d 73, 77-78 [123 Cal.Rptr. 465, 539 P.2d 33] holds that once a superior court has finally ruled on a suppression motion under Penal Code section 1538.5, that court no longer has jurisdiction to reconsider the matter before trial. The *Madril* holding applies when a full hearing has been had on the suppression motion in the superior court. *Madril*, however, does not prevent a court from announcing one ground on which to suppress evidence but continuing the hearing for and then considering an alternate ground contemporaneously advanced in further support of or in opposition to such suppression. In such a situation, the hearing is not a relitigation of the original motion. (*People v. Brooks* (1980) 26 Cal.3d 471, 480-481 [162 Cal.Rptr. 177, 605 P.2d 1306].) Such is the case here.

After granting appellant's suppression motion on the ground of the unconstitutionality of Vehicle Code section 2805, the superior court nonetheless specifically stated that "there are other factors involved, such as consent, which would affect the motion," that the court was "not prepared right at this point to rule on the question of consent," and would continue the hearing to determine the consent issue. Thus, when the court granted the suppression motion on the basis of the statute's

unconstitutionality, such grant was tentative; it still had to consider the distinctly different issue of appellant's consent. As no full hearing had yet been had at the time of the court's initial and tentative ruling, the court had jurisdiction to thereafter consider the remaining issue of consent and in the light thereof to reconsider its earlier ruling.[1] (*People v. Brooks, supra*, 26 Cal.3d 471, 481.)

## 2. Constitutionality of Vehicle Code Section 2805

Appellant argues that Vehicle Code section 2805 is unconstitutional because it authorizes an inspection of certain business premises without a search warrant. That section provides in pertinent part that a member of the California Highway Patrol, or a member of the city police department or county sheriff's office "may inspect any vehicle of a type required to be registered under this code on a highway or in any public garage, repair shop, parking lot, new or used car lot, automobile dismantler's lot, vehicle shredding facility, vehicle leasing or rental lot, vehicle equipment rental yard, vehicle salvage pool, or other similar establishment, and may inspect the title or registration of vehicles, in order to establish the rightful ownership or possession of the vehicle." California cases have construed Vehicle Code section 2805 as authorizing a warrantless search "under reasonable circumstances" for the purpose of investigating a vehicle's title or registration. (*People v. Burnett* (1980) 107 Cal.App.3d 795, 800 [165 Cal.Rptr. 781]; *Jackson v. Superior Court* (1977) 74 Cal.App.3d 361, 367 [142 Cal.Rptr. 299].) Here, the facts leading to the warrantless search of appellant's business premises are as follows:

Investigator Robin Ririe of the Los Angeles Police Department, assigned to the burglary-auto theft section, received information from Sergeant Biller of the Hollywood division regarding numerous cars which would go to Daytona Auto Body (appellant's business) in undamaged condition and were never seen to leave the premises. Later, while investigating an individual named Ernest Stradmann, Investigator Ririe came across the name of one Sol Mizrahri, who was involved with Culver City Auto Dismantlers. Upon contacting that business, its owner Lou Chess told Investigator Ririe that Mizrahri used to have his cars painted at Culver City Auto Dismantlers but that he (Chess) had told Mizrahri to take his business elsewhere because the cars appeared to be

---

[1] The court made no ruling on the issue of consent, having determined that the inspection was proper under Vehicle Code section 2805.

of questionable origin, and that Mizrahri was now using Daytona Auto Body. Thereafter, on July 26, 1978, Investigator Ririe received information from Investigator Johnson regarding incidents of insurance fraud involving Daytona Auto Body.

Based on the totality of information available to him, Investigator Ririe formed the opinion that "they were dealing in stolen and switched cars at Daytona Auto Body Shop." On July 27, 1978, Investigator Ririe, at about 10 a.m., paid a visit to the Daytona Body Shop. There he spoke with appellant, identified himself as a policeman, and explained he was there to conduct a business inspection pursuant to Vehicle Code section 2805. Appellant replied, "There is no problem here. My business is open." When Investigator Ririe asked if he could see some of the paperwork on the vehicles in the shop, appellant said, "Sure, right here in my office." After looking through some of the paperwork, Investigator Ririe and two or three other investigators, who by then had also arrived there, inspected the premises.

Ten minutes later, Investigator Mark Ford arrived. Like Investigator Ririe, Investigator Ford was assigned to the burglary-auto theft division. In court, Investigator Ford described appellant's business premises as "a storage or [sic] parts for dismantled vehicles." At the time there were 30-35 vehicles at the premises. In inspecting the VIN number on a freshly painted Porsche automobile in the painting area, Investigator Ford concluded that the vehicle had been stolen. On another freshly painted Porsche, the investigator observed that the identification number had been changed, that the transmission number had been ground off, and that the engine did not belong to that particular vehicle. Next to the painting booth, a Porsche engine was lying on the floor. Also on the premises was the shell of a Porsche, whose identification number matched that of the second freshly painted Porsche. A subsequent "wants" check run by Investigator Ford revealed the true owners of the vehicles.

■ Certainly, the totality of information available to Investigator Ririe prior to the inspection "raised the probability" that Daytona Auto Body was engaged in the business of stolen cars. (*People* v. *Grubb* (1965) 63 Cal.2d 614, 618 [47 Cal.Rptr. 772, 408 P.2d 100].)

■ As to appellant's contention that Vehicle Code section 2805 is unconstitutional because it authorizes "carte-blanche" searches of business premises, California courts have upheld its validity on the

ground that, properly construed; the section applies to searches made "under reasonable circumstances, within constitutional limitations." (*People* v. *Burnett, supra,* 107 Cal.App.3d 795, 800; *Jackson* v. *Superior Court, supra,* 74 Cal.App.3d 361, 367.) ■ We conclude that in this case the inspection was made under reasonable circumstances, within constitutional limitations.

Furthermore, Vehicle Code section 320 subjects auto dismantlers (defined by Veh. Code, § 220 as those who sell or deal in used motor vehicle parts) to warrantless inspections during normal business hours of vehicles and records at the premises. As the court in *People* v. *Woolsey* (1979) 90 Cal.App.3d 994, 1003 [153 Cal.Rptr. 746] stated: "Quite obviously, regulation by city and state government over automobile dismantlers is part of the continued effort by law enforcement to eliminate theft of cars and the profit associated with that illegal activity. The elaborate provisions for registration and licensing of businesses engaged in dismantling vehicles or selling used vehicles was 'designed to segregate the honest business man from the thief and the fence.... [A] state may impose on the licensing of a business, so fraught with public danger, a requirement that its premises be open to orderly inspections. [Citation.]'" The evidence indicates that appellant was in fact engaged in the auto dismantling business. In *Woolsey, supra,* the defendant, like appellant in this case, was not a licensed auto dismantler, yet the court applied Vehicle Code section 320 to him.

The judgment is affirmed.

Fleming, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied March 27, 1981, and appellant's petition for a hearing by the Supreme Court was denied May 8, 1981. Caldecott, J.,* participated therein. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.