**Louise E. LEWIS and Velma "Slim" Ivory, Plaintiffs-Appellants,**

**v.**

**Charles L. McMASTERS, Jim Meder, and Paul Kalpakoff, Defendants-Appellees.**

**No. 80–4059.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1981.

Decided Dec. 14, 1981.

As Modified on Denial of Rehearing Jan. 19, 1982.

Leonard C. Hoar, Jr., Fresno, Cal., for plaintiffs-appellants.

James D. Weakley, Fresno, Cal., Carol Hunter, Sacramento, Cal., argued for defendants-appellees; Eldridge, Newman,

---

Aron & Liggett, Fresno, Cal., Darryl L. Doke, Sacramento, Cal., on brief.

Before KILKENNY and SNEED, Circuit Judges, and PANNER *, District Judge.

SNEED, Circuit Judge:

Appellant Ivory was the manager of an automobile dismantling yard owned and operated by appellant Lewis. In 1976, law enforcement officers conducted a warrantless inspection of Lewis' property pursuant to Cal.Veh.Code § 2805 (Deering).[1] During the course of this inspection, the officers seized a steel drum filled with old metal parts. The drum was taken to the County Industrial Farm, where it was opened and searched. This search produced partially burned title documents and a vehicle identification number belonging to a stolen automobile. Criminal charges against the appellants ensued. Ultimately, the appellants were acquitted because the seized evidence had been planted to incriminate them by persons unknown.

Following this acquittal, appellants filed a suit under 42 U.S.C. § 1983 against the law enforcement officers for damages arising from the allegedly illegal search and seizure. The district court dismissed the suit on the ground that section 2805 of the Vehicle Code constitutionally authorized the warrantless search and seizure. We reverse.

■ Section 2805 does not give law enforcement officers authority to conduct general searches of business premises. "California courts have upheld [the statute's] validity on the ground that, properly construed, the section applies to searches made, 'under reasonable circumstances, within constitutional limitations.' (*People v. Burnett, supra*, 107 Cal.App.3d 795, 800, 165 Cal.Rptr. 781; *Jackson v. Superior Court, supra*, 74 Cal.App.3d 361, 367, 142 Cal.Rptr. 299.)" *People v. Lopez*, 116 Cal. App.3d 600, 606–07, 172 Cal.Rptr. 236, 239 (1981). We note as well that on at least one occasion a California court found that an asserted section 2805 search exceeded the scope of the statute. *Jackson v. Superior Court*, 74 Cal.App.3d 361, 142 Cal.Rptr. 299.

■ A constrained interpretation of section 2805 is mandated by the United States Supreme Court cases that have recognized a limited exception to the Fourth Amendment warrant requirement for inspections of "pervasively regulated businesses."[2] *See Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970); *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972). *See also, Marshall v. Barlow*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). All of these cases have recognized the importance of placing reasonable time, place and manner requirements on the inspections. *See* Note, *Rationalizing Administrative Searches*, 77 Mich.L.Rev. 1291, 1316 (1979). Indeed, in *Colonnade*, the Court, while it upheld the inspection statute involved, struck down the particular search because it exceeded the bounds of the authorizing statute.

We conclude it was error to dismiss the complaint on the ground that section 2805 constitutionally authorized the warrantless search of the steel drum. Accordingly, we remand the case for further proceedings consistent with this opinion.

REMANDED.

---

\* Honorable Owen W. Panner, United States District Judge for the District of Oregon, sitting by designation.

1. In 1976 California Vehicle Code § 2805 provided as follows:

   A member of the California Highway Patrol may inspect any vehicle of a type required to be registered under this code on a highway or in any public garage, repair shop, parking lot, used car lot, automobile dismantler's lot, or other similar establishment, for the purpose of locating stolen vehicles, investigating the title and registration of vehicles, or inspection of vehicles wrecked or dismantled.

2. We assume, without deciding, that section 2805 fits within this exception since this was not controverted below.