[No. B048700. Second Dist., Div. Six. Feb. 8, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSE ORNELAS ROMAN et al., Defendants and Respondents.

**COUNSEL**

Michael D. Bradbury, District Attorney, and Michael D. Schwartz, Deputy District Attorney, for Plaintiff and Appellant.

Kenneth I. Clayman, Public Defender, Howard J. Asher, Neil B. Quinn, Deputy Public Defenders, and Harrison Dunham for Defendants and Respondents.

## OPINION

**STONE (S. J.), P. J.**—The issue presented is whether either Vehicle Code section 2805 or the landlord's consent to enter the leased premises satisfied the People's burden of justifying a warrantless search and seizure. We find that neither ground asserted justified the search and seizure and affirm the order of dismissal.

The People appeal, pursuant to Penal Code section 1238, subdivision (a)(7), from a dismissal on the court's motion based on an order suppressing evidence under Penal Code section 1538.5.[1]

Defendants Jose Ornelas Roman and Roberto Pacheco were charged with one count of receiving stolen property, i.e., Peterbilt truck parts, in violation of section 496, subdivision 1. When the trial court granted defendants' motion to suppress evidence under section 1538.5, the People were unable to proceed, and the trial court dismissed the case.

Testimony at the hearing on defendants' motion to suppress established that Friday, August 4, 1989, defendants spoke to Vincente Medrano about leasing space in a commercial warehouse to replace the engine on their truck, which, according to them, they could not do on their own premises. Mr. Medrano told them they could have space in "the big room" of the warehouse for $200 for the weekend, or for $600 monthly they could rent a garage in the warehouse. He lent them two locks for the doors when they indicated they desired to rent the garage, and permitted them to take immediate possession. Over the weekend, Mr. Medrano looked through a hole, saw truck wheels inside the garage, and concluded defendants had moved their property onto the premises. On Monday, August 7th, they brought him $200 as down payment for a month and promised to bring the remainder that week.

When the defendants failed to pay the additional $400, the warehouse owner, Jan King, and Mr. Medrano unlocked the garage August 21st and entered to ascertain if defendants were still using it. They found truck parts and tools scattered throughout the room. Mr. King called a California Highway Patrol vehicle theft investigator, Richard Guzik, explained that he had rented garage space to defendants to repair their truck, they had failed to pay the total rent, and that, upon entry, he found truck parts and tools scattered around. He asked if Officer Guzik could inspect the premises to determine that no illegal activities were transpiring there.

---

[1] All statutory references hereinafter are to the Penal Code unless otherwise specified.

Mr. King pointed out to Officer Guzik fiberglass fenders and a truck hood outside the building and unlocked the door for the officer. Guzik located vehicle identification numbers which revealed that the parts were from a 1989 Peterbilt truck reported stolen earlier in the month. He placed the garage under surveillance and several days later arrested four suspects.

Officer Guzik felt that he could conduct a warrantless entry and search because Mr. King, "as the owner, could certainly ask us to inspect his property." He additionally felt that Vehicle Code section 2805 justified the entry. The trial court ruled that Vehicle Code section 2805 did not authorize the entry and it was not reasonable for the officer to have believed that Mr. King had the authority to enter or to give consent to others to enter the garage.

## DISCUSSION

### 1. *The Search Was Not Authorized by Vehicle Code Section 2805.*

■ Vehicle Code section 2805 provides in pertinent part: "(a) For the purpose of locating stolen vehicles, a member of the California Highway Patrol, . . . whose primary responsibility is to conduct vehicle theft investigations, may inspect any vehicle of a type required to be registered under this code, or any identifiable vehicle component thereof, on a highway or in any public garage, repair shop, terminal, parking lot, new or used car lot, automobile dismantler's lot, vehicle shredding facility, vehicle leasing or rental lot, vehicle equipment rental yard, vehicle salvage pool, or other similar establishment, . . . and may inspect the title or registration of vehicles, in order to establish the rightful ownership or possession of the vehicle or identifiable vehicle component."

The statute, by its own terms, does not authorize warrantless and unconsented to entry on property rented for private—as opposed to public—use. "Garage" is defined in Vehicle Code section 340 as ". . . a building or other place wherein the business of storing or safekeeping vehicles of a type required to be registered under this code and which belong to members of the general public is conducted for compensation." "Repair shop" is defined in Vehicle Code section 510 as "a place where vehicles subject to registration under this code are repaired, rebuilt, reconditioned, repainted, or in any way maintained for the public at a charge."

Vehicle Code section 2805 does not authorize "carte blanche" searches of business establishments, but has been construed to allow searches made "'under reasonable circumstances, within constitutional limitations.'" (*People* v. *Lopez* (1981) 116 Cal.App.3d 600, 606-607 [172 Cal.Rptr. 236].)

Exceptions to the warrant requirement have been drawn in carefully defined classes of cases for pervasively or closely regulated businesses, and under this section, for the purpose of locating stolen vehicles. (*People* v. *Woolsey* (1979) 90 Cal.App.3d 994, 1002 [153 Cal.Rptr. 746].) Cases have interpreted Vehicle Code section 2805 as authorizing searches of places open to the public. (See, e.g., *People v. Doty* (1985) 165 Cal.App.3d 1060, 1065-1067 [212 Cal.Rptr. 81]; *Lewis* v. *McMasters* (9th Cir. 1981) 663 F.2d 954, 955.) Section 2805 of the Vehicle Code is to be literally rather than broadly construed. (*Terry York Imports, Inc.* v. *Department of Motor Vehicles* (1987) 197 Cal.App.3d 307, 314 [242 Cal.Rptr. 790]; *People v. Doty, supra,* 165 Cal.App.3d 1060, 1065-1066.)

Here, the information given to the officer was that the defendants rented the garage to repair a truck. The officer saw that the premises were locked. This was no administrative search of a closely regulated business in which the owner or operator had a reduced expectation of privacy. (See *People* v. *Paulson* (1990) 216 Cal.App.3d 1480, 1484-1485 [265 Cal.Rptr. 579]; *New York* v. *Burger* (1987) 482 U.S. 691, 702 [96 L.Ed.2d 601, 613-614, 107 S.Ct. 2636].) That defendants rented this enclosed space in a commercial building did not diminish their expectation of privacy or transform the rented premises into a public garage. Vehicle Code section 2805 did not justify the warrantless entry and search.

2. *Officer's Belief in Apparent Consent to Search Unreasonable.*

■ California law has long held that the consent of a third party given to a police officer authorizing the officer to enter premises to conduct a search is not lawful unless the police officer reasonably believed that the consenting party had actual or apparent authority to do so. (*People* v. *Superior Court (Williams)* (1978) 77 Cal.App.3d 69, 80 [143 Cal.Rptr. 382] disapproved on other grounds in *People* v. *Superior Court (Meyers)* (1979) 25 Cal.3d 67, 77 [157 Cal.Rptr. 716, 598 P.2d 877]; *People* v. *Hill* (1968) 69 Cal.2d 550, 554 [72 Cal.Rptr. 641, 446 P.2d 521].)

Recently, the United States Supreme Court decided the issue, until then unresolved under federal law, whether a warrantless entry is valid when based upon the consent of a third party whom the police, at the time of entry, reasonably believe to possess common authority over the premises, but who in fact does not have that authority. (*Illinois* v. *Rodriguez* (1990) 497 U.S. __, __ [111 L.Ed.2d 148, 155, 110 S.Ct. 2793].) There, the court stated that, ". . . in order to satisfy the 'reasonableness' requirement of the Fourth Amendment, what is generally demanded of the many factual determinations that must regularly be made by agents of the government— whether the magistrate issuing a warrant, the police officer executing a warrant, or the police officer conducting a search or seizure under one of

the exceptions to the warrant requirement—is not that they always be correct, but that they always be reasonable . . . ." (*Id.*, at p. __ [111 L.Ed.2d at p. 159].) However, the court cautioned that "Even when the invitation is accompanied by an explicit assertion that the person lives there, the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry. As with other factual determinations bearing upon search and seizure, determination of consent to enter must 'be judged against an objective standard: would the facts available to the officer at the moment . . . "warrant a man of reasonable caution in the belief" ' that the consenting party had authority over the premises? [Citation.] If not, then warrantless entry without further inquiry is unlawful unless authority actually exists. But if so, the search is valid." (*Id.*, at p. __ [111 L.Ed.2d at p.161].)

 Here, the officer was told that the owner entered the garage to see if anyone was still there and saw parts and tools scattered about. Although Mr. King unlocked the door with a key, the officer never inquired whether the landlord retained authority to do so. The officer's assumption that an owner had the right to have law enforcement inspect his property was not reasonable. If it were, this assumption, without further inquiry, would obviate the necessity of obtaining search warrants. The general rule is that a landlord has no authority to consent to a police entry of premises occupied by a tenant. (*People* v. *Escudero* (1979) 23 Cal.3d 800, 806 [153 Cal.Rptr. 825, 592 P.2d 312].) This rule does not depend upon duration of the tenancy, or the value of the consideration given for the right to occupy the premises. (*Ibid.*) The People assert that federal cases are to the contrary, i.e., that when the rental period elapses, the tenant loses his right to use the premises and any privacy associated with it. (*United States* v. *Croft* (10th Cir. 1970) 429 F.2d 884, 887; *United States* v. *Parizo* (2d Cir. 1975) 514 F.2d 52, 54.) They contend that if the search does not violate the United States Constitution, the evidence must be admitted. (*In re Lance W.* (1985) 37 Cal.3d 873, 886-887 [210 Cal.Rptr. 631, 694 P.2d 744].) Neither the cases cited nor the principle enunciated aids them since here the period of tenancy was for a month and the tenants had made at least partial payment on the rent. Consequently, the facts do not show that the tenancy ended. The Fourth Amendment's prohibition against unreasonable searches and seizures applies to commercial property as well as private residences. (*People* v. *Paulson, supra*, 216 Cal.App.3d 1480, 1483; *New York* v. *Burger, supra*, 482 U.S. 691, 699 [96 L.Ed.2d 601, 612].)

 There was no evidence of eviction or abandonment that would give the landlord the authority to consent to entry nor testimony that anyone considered the garage abandoned. (Compare *People* v. *Superior Court* (1970) 3 Cal.App.3d 648, 657 [83 Cal.Rptr. 732] and *De Conti* v. *Superior*

*Court* (1971) 18 Cal.App.3d 907, 910 [96 Cal.Rptr. 287].) In fact, Mr. Medrano testified to the contrary. (Cf. *People* v. *Superior Court* (*Williams*), supra, 77 Cal.App.3d 69, 80.) Medrano stated that there was no understanding with the defendants when they rented the garage that the landlord could enter, nor did he tell them that he retained a key to the locks he loaned them. Here the officer's own actions infer that he considered the tenants still to be in possession of the premises. He placed the garage under surveillance which ultimately led to the arrest of four suspects.

■ The burden of proving reasonable good faith belief in authority to consent to entry is on the People. (*People* v. *Escudero, supra,* 23 Cal.3d 800, 806; *Illinois* v. *Rodriguez, supra,* 497 U.S __, __ [111 L.Ed.2d 148, 156].) They failed to meet it.

The order appealed from is affirmed.

Gilbert, J., and Abbe, J.,* concurred.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.