Filed 5/20/16  Pack v. Richardson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ROBERT PACK,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SCOTT RICHARDSON,<br><br>        Defendant and Respondent. | A144151<br><br>(Marin County<br>Super. Ct. No. CIV1402089) |

Plaintiff Robert Pack appeals from the trial court's orders denying his Code of Civil Procedure section 527.6[1] petition for a restraining order and awarding attorney fees to defendant Scott Richardson.  We affirm.

BACKGROUND

On June 3, 2014, Pack filed a petition seeking a restraining order against Richardson under section 527.6.  The petition alleged a pattern of harassment by Richardson, who is Pack's next door neighbor.  The incident most prominently alleged in the petition occurred on May 31.  On that date, Richardson simulated a gun with his fingers and pointed at Pack while exiting his driveway.  Pack was also driving and, at a stop sign, Richardson got out of his car and approached.  Richardson thrust a hand holding a camera into Pack's car.  Pack pushed him away and Richardson walked back to his car laughing.

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

1

Pack's petition alleged other past harassing conduct of Richardson, including Richardson coming to Pack's front door and challenging Pack to fight; yelling, swearing, and name-calling "on several occasions over the past three years;" trying to remove landscaping from Pack's property; tailgating Pack's car and throwing "the finger" at Pack; and taking photos of Pack's house and garage.

The trial court issued a temporary restraining order and the hearing on the petition was set for June 19, 2014. At the June 19 hearing, Pack represented himself and testified as to the basis for the petition. He largely testified to the incidents described in the petition.[2] At the apparent end of the cross-examination of Pack, Richardson's counsel moved "to dismiss the request for a restraining order on the basis that there is not enough evidence to meet the burden of clear and convincing evidence." The trial court said the motion "is in effect a [motion for a] directed verdict" and denied the motion because "there is enough here for the issuance of a restraining order." The court continued the hearing until August 26, due to scheduling conflicts. The court continued the temporary restraining order but reduced the stay-away distance so it would not interfere with Richardson's access to his property.

On August 26, 2014, Pack sought to present the testimony of three witnesses he brought to court. After an offer of proof from Pack regarding the witness testimony, and after Pack revealed that he had constructed a fence between his and Richardson's properties during the recess between hearings, the trial court denied the petition for a restraining order.

On October 15, 2014, Richardson filed a motion for an award of attorney fees of $34,300 and an award of costs of $1,510, as the prevailing party. On November 21, Pack filed an untimely objection to the motion. The trial court directed Richardson's counsel to submit billing records to enable the court to calculate a reasonable fees award. The court struck Pack's objection as untimely, found Richardson was the prevailing party

---

[2] For the purposes of the present appeal it is not necessary to detail the particulars of Pack's testimony.

entitled to a fees award, and continued the hearing to January 13, 2015 for the purpose of calculating an award.

On December 12, 2014, Pack's current appellate counsel substituted in as counsel for Pack. That same day, Pack filed a motion for reconsideration of the trial court's order striking Pack's opposition to the fees motion. On December 23, Pack filed an opposition arguing the hours requested by Richardson's counsel were not reasonable. On January 15, 2015, the trial court denied Pack's motion for reconsideration and awarded attorney fees in the amount of $30,431.25.

This appeal followed.

DISCUSSION

I.    *Pack Has Not Shown the Trial Court Erred in Denying A Restraining Order*

Pack contends the trial court denied his rights to due process and a fair hearing by denying his request for a restraining order at the continued hearing on August 26, 2014. We reject his claims.

The Legislature enacted section 527.6 " 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.' [Citations.] It does so by providing expedited injunctive relief to victims of harassment." (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1412.) In order to obtain a section 527.6 injunction, the petitioner must show by "clear and convincing evidence" that he has been harassed, which is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§527.6, subds. (b)(3) & (i); see also *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 724.)

A.    *The Denial of An Opportunity to Present Additional Testimony*

Pack argues the trial court was obligated to allow him to finish testifying and to permit testimony from the three witnesses he was prepared to present at the hearing on August 26, 2014. The trial court did not abuse its discretion in refusing to permit the

3

additional testimony. Although section 527.6, subdivision (i) states that a trial court "shall receive any testimony that is relevant" in deciding whether to issue a restraining order, the trial court still had the discretion to control the hearing under the ordinary rules of evidence. "The state's strong interest in prompt and efficient trials permits the nonarbitrary exclusion of evidence [citation], such as when the presentation of the evidence will 'necessitate undue consumption of time.' (Evid. Code, § 352.) The due process right to present evidence is limited to relevant evidence of significant probative value to the issue before the court." (*Maricela C. v. Superior Court* (1998) 66 Cal.App.4th 1138, 1146-1147 (*Maricela C.*); see also *People v. Boyette*, 29 Cal.4th 381, 427-428 [stating, in the criminal context, "As a general matter, the '[a]pplication of the ordinary rules of evidence . . . does not impermissibly infringe on a defendant's right to present a defense.' "].)

In *In re Romeo C.* (1995) 33 Cal.App.4th 1838, the Court of Appeal rejected a claim that a provision of the Welfare and Institutions Code "mandates without qualification the presentation of all relevant evidence at a dispositional hearing." (*Id.* at p. 1843.) The court concluded that, if the statute "were construed literally to mandate the admission of all relevant evidence, the result would be to sanction an enormous waste of time in dispositional hearings, where juvenile court judges would be powerless to exclude cumulative evidence or time-consuming evidence of marginal probative value. In this age of fiscal restraint and of overburdened courts, we cannot believe the Legislature intended such a result, which, in our view, would be absurd. The language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend." (*Id.* at p. 1844.) The *In re Romeo C.* court concluded the statute impliedly incorporates the limitations of Evidence Code section 352. (*In re Romeo C.*, at p. 1844.) The same reasoning applies to section 527.6, subdivision (i).

The cases Pack cites are not to the contrary. In *Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 731, the trial court wholly refused to take oral testimony, "bas[ing] its decision entirely on written declarations, newspaper articles, and

4

the arguments of counsel." *Schraer* concluded the trial court had violated section 527.6, which contemplates "what is in effect a highly expedited lawsuit on the issue of harassment" following issuance of a temporary restraining order. (*Schraer*, at p. 732.) There, the appellants were challenging injunctions issued against them, and the court reasoned that "[t]o limit a defendant's right to present evidence and cross-examine as respondents would have us do would run the real risk of denying such a defendant's due process rights, and would open the entire harassment procedure to the possibility of successful constitutional challenge on such grounds." (*Id.* at p. 733.) Although *Schraer* holds there is a statutory right to present oral testimony and cross-examine witnesses regarding a requested restraining order, the decision does not suggest Evidence Code section 352 is inapplicable in section 527.6 hearings. Instead, *Schraer* states trial courts may not "arbitrarily" limit the evidence presented, and it acknowledges trial courts may impose "such reasonable limitations as are necessary to conserve the expeditious nature of the harassment procedure." (*Schraer*, at p. 733, fn. 6.)

The other cases cited by Pack are also inapposite. *Nora v. Kaddo* (2004) 116 Cal.App.4th 1026, 1028, followed *Schraer* and also clarified the plaintiff has a right to present testimony in support of a restraining order; the appellants in *Schraer* were the defendants. But *Nora* does not suggest a trial court cannot limit the presentation of evidence under Evidence Code section 352. *Duronslet v. Kamps*, *supra*, 203 Cal.App.4th at p. 729, merely holds trial courts are authorized to admit hearsay evidence during section 527.6 hearings.[3]

In the present case, the trial court stated it had reviewed the transcript from the prior hearing, and Pack made an offer of proof regarding the three witnesses. His neighbor Gregory Franc "witnessed several of these incidents that [Pack] discussed." A police officer witness could "testify about Mr. Richardson's behavior at the confrontation

---

[3] Pack contends the trial court erred in refusing to admit hearsay evidence he proffered. Assuming the court erred, any error was harmless because Pack has not shown it is probable the excluded hearsay evidence would have led to a better result. (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527 & fns. 2–3.)

at the driveway, where he was trespassing, [Pack] asked him to leave, he became very aggressive." Another police officer could testify about a recent complaint from Richardson that Pack moved survey monuments; "[t]he police officer [could] testify that he didn't find anything substantial and he just talked to [Pack]." The court indicated it did not think those witnesses were important in light of how it viewed the case, stating "[s]ee, the problem -- no one here -- the halos I see in the room are all very crooked. No one here is an innocent actor based on the testimony that I've heard so far." After some back and forth with Pack and Richardson's counsel about construction of the fence, the court denied the restraining order. The court relied in part on Pack's "unilateral[]" construction of a fence, which was "completely inappropriate" and provocative.

Pack argues it was a violation of due process for the trial court to refuse to hear his proffered additional testimony. However, he fails to explain how any of the proffered testimony was important, in light of how the court viewed the case and the evidence already received.[4] Based on the offer of proof, it appeared the testimony of Franc and the first police officer would have been entirely duplicative of the testimony already given by Pack. The trial court readily agreed Richardson had been "aggressive and inappropriate" based on a videotape previously presented by Pack. As the court accepted the proposition that Richardson had acted inappropriately in the past, Pack has not shown the proffered testimony would have had "significant probative value" (*Maricela C.*, *supra*, 66 Cal.App.4th at p. 1147) to the trial court's determination. The trial court did not abuse its discretion in excluding cumulative testimony. (See *In re Romeo C.*, *supra*, 33 Cal.App.4th at p. 1843 [noting that, although cumulative evidence may be relevant, it is

---

[4] Pack argues on appeal that if he had been able to complete his testimony and put on the additional witnesses it would have "removed the court's confusion" regarding the nature of the dispute between Pack and Richardson. However, he does not explain how Franc or the police officer witnesses could have addressed that issue, and Pack made no such offer of proof below, regarding their testimony or his own testimony. Neither does Pack explain how his testimony regarding the fence he constructed would have been helpful to him, in light of the court's finding that unilaterally building a fence in the middle of the restraining order proceedings was provocative, regardless of Pack's right to do so. (See Part I.B., *post*.)

excludable under Evid. Code section 352].) The second police officer witness's testimony about a call regarding survey monuments would not have been cumulative, but Pack does not explain how testimony that the officer did not "find anything substantial" is significantly probative.

B.     *The Consideration of Pack's Construction of a Fence*

Pack raises additional claims of error related to the trial court's consideration of Pack's action in unilaterally building a fence. Pack has not shown reversible error.

1.     *Background*

During the hearing on June 19, 2014, Richardson's counsel asked Pack during cross-examination whether Pack could build a fence on his property. Pack replied he had "no idea what Mr. Richardson might say if I did something like that" and he was "physically unable to build a fence on [his] property." Later, when the trial court was poised to continue the hearing, the court encouraged the parties to settle the dispute during the continuance, adding "[m]aybe a fence might solve this problem."

At the continued hearing on August 26, 2014, after describing the first two witnesses he proposed to present, Pack said, "[a]nd the third witness is perhaps the most important, because it's a development that's happened since we last had our hearing." Pack explained that on August 4, Richardson "called the police and had the police come to my door. The complaint was that I had moved the survey monuments or taken survey monuments out." He claimed Richardson's call to the police was harassment and proffered that the officer would testify "he didn't find anything substantial and he just talked to" Pack. The court said that "no one here is an innocent actor based on the testimony that I've heard so far." Richardson acknowledged he had acted inappropriately in a prior incident that had been videotaped, but Pack denied he had "acted inappropriately as a neighbor."

After some further back and forth, Pack said, "All I want to do is just be left alone. [¶] And one of the things I'm going to testify to is -- I put up a fence, and one of the things I am going to say is it didn't solve the problem, Your Honor." The court asked about the police incident and Richardson's counsel explained, "it's true that while Mr.

7

Richardson was out of the country . . . Mr. Pack put up that fence. He did not resurvey the property before doing so. The survey markers had been moved several times by whom, we're not sure, but they have been removed. [¶]. . . [W]e actually sent him a letter asking him to survey the property before he finalized that." Pack denied the monuments had been moved and stated, "there's four survey monuments on that stretch of property where the fence went. A string was tied between all four in a nice straight line."

The trial court asked Pack whether he had "unilaterally" built a fence between his and Richardson's property "while this restraining order was pending." Pack said he had taken the court's "cue," explaining "I read the transcripts and you and the attorney for Mr. Richardson were strongly suggesting a fence would solve the problem." The court asked, "You don't think that that might provoke Mr. Richardson?" Pack responded that what he did with his own property was not Richardson's "business."

At that point the trial court declared, "I am going to deny the restraining order. I think what you did was completely inappropriate by putting up a fence on the property. I don't care whose property that was; that's not the issue. . . . And, of course, that would have provoked Mr. Richardson." Pack re-asserted that he had followed the court's cue, to which the court responded "it might be the solution [to put up a fence] but right now we have a matter pending, and I think that by doing what you did, you provoked Mr. Richardson, and that was poor judgment." The court continued, "neighbor disputes are very frustrating to me. You have to get along with each other. You just have to. Hopefully you can work with [Richardson's counsel] and come to an agreement of where the fence is going to go, but you shouldn't have done it on your own. That's going to cause more problems."

2.      *Analysis*

Pack contends the trial court erred in considering the fence construction in denying a restraining order, because there was no sworn testimony on that issue.[5] He relies on the

---

[5] Notably, we reject Pack's apparent suggestion that we must assume the trial court relied entirely upon the fence construction in denying a restraining order, because at the previous hearing date the court had rejected Richardson's motion to dismiss Pack's

proposition that "It is axiomatic that the unsworn statements of counsel are not evidence." (*In re Zeth S.* (2003) 31 Cal.4th 396, 414, fn. 11.) In the present case, however, the parties effectively stipulated that Pack had built a fence during the recess between the hearing dates. Pack cites no authority that the court could not consider a fact agreed-upon by the parties in deciding whether to issue a restraining order. Further, Pack never objected to the court's consideration of the fact he had built a fence. If he had done so the court could have taken sworn testimony on the point; Pack's objection, therefore, has been forfeited. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Finally, Pack cannot demonstrate any prejudice from the court's failure to take evidence on the issue (*Freeman v. Sullivant*, *supra*, 192 Cal.App.4th at p. 527 & fns. 2–3), because he does not dispute he built the fence.

Pack also contends the trial court erred in denying the requested restraining order because the court's reasoning was based on a mistaken understanding there was a property dispute between Pack and Richardson. We disagree. The trial court's reaction to the fence construction was not premised on the existence of a bona fide property dispute. Instead, the trial court was focused on the inappropriateness of Pack's decision to build a fence in the middle of the restraining order proceedings. The trial court appropriately viewed the fence construction as a provocative act and informed Pack that,

---

petition for lack of sufficient evidentiary support. The court indicated at the outset of the second hearing date that it had reviewed the transcript of the first hearing date and stated, even before it learned of the fence construction, that Pack was not "innocent" and had "crossed some bounds" and "acted inappropriately." Thus, it appears the court may have reconsidered its prior finding that Pack had shown a basis for issuance of a restraining order, as the court had authority to do. (*People v. Castello* (1998) 65 Cal.App.4th 1242, 1248 [referring to "the court's inherent power to reconsider its own interim rulings"]; *Nave v. Taggart* (1995) 34 Cal.App.4th 1173, 1177 ["Until entry of judgment, the court retains complete power to change its decision as the court may determine; it may change its conclusions of law or findings of fact."]; *People v. Lopez* (1981) 116 Cal.App.3d 600, 604 ["unless otherwise clearly limited by statute in a particular proceeding, a court's rulings on motions are not irrevocably cast in concrete and a decision on a motion is not ordinarily res judicata"]; see also Code Civ. Proc., § 128, subd. (a)(8) [the court has inherent power to "amend and control its process and orders so as to make them conform to law and justice"].)

in the circumstances, any fence construction should only have occurred in consultation with Richardson's counsel. The court never suggested otherwise in its comments at the first hearing date. Regardless of Pack's legal right to build a fence on his property, the trial court could reasonably conclude Pack's provocative action was inconsistent with his claim to be the innocent victim of Richardson's harassment. The trial court could reasonably have viewed Pack's action as indicating that the circumstances were reflective of an ongoing, mutual feud between two neighbors, rather than the type of harassment that section 527.6 was intended to address.

II.     *The Trial Court Did Not Err in Awarding Attorney Fees*

Pack contends the trial court erred in awarding attorney fees to Richardson as the prevailing party. Section 527.6 authorizes an award of fees to "[t]he prevailing party in any action brought under this section." (§ 527.6, subd. (s) ["The prevailing party in any action brought under this section may be awarded court costs and attorney's fees, if any."].) We uphold the trial court's award absent an abuse of discretion. (*Elster v. Friedman* (1989) 211 Cal.App.3d 1439, 1443 (*Elster*).)

Pack challenges the court's determination Richardson was the prevailing party. A prevailing party includes a defendant, like Richardson, against whom a plaintiff failed to recover any relief. (*Elster*, *supra*, 211 Cal.App.3d at p. 1443.) Pack presents no authority that Richardson was not the prevailing party in the circumstances of the present case. Pack argues the trial court had discretion to decline to award fees to Richardson, but he fails to show the court abused its discretion in awarding fees.

Neither has Pack shown the trial court abused its discretion in determining the amount of a reasonable fee. (See *PLCM Group Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) Pack asserts broadly that an award of $30,421.25 was too much for the nature of the proceedings and the amount of time spent in court, and he argues Richardson's counsel's time records were insufficiently detailed. However, the trial court explained it thought the time taken to "research the difficult history between the neighbors" was "justified" and it subtracted 25% across the board to account for any excesses. Moreover, the record shows that Richardson's counsel did present hourly billing statements, and

10

Pack's counsel had an opportunity to review them and did present some objections. Pack has not shown error. (See *PLCM Group Inc.*, at p. 1096.)

Finally, we reject Pack's claim the trial court erred in denying his motion for reconsideration of the trial court's order striking his untimely opposition to Richardson's request for fees. Section 1008 of the Code of Civil Procedure, "which governs applications for reconsideration and renewed applications," requires the party seeking reconsideration "to show diligence with a satisfactory explanation for not having presented the new or different information earlier." (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839.) In his appellate briefing, Pack does not contend he met that standard in his motion for reconsideration. Neither has he shown how he was prejudiced by denial of his motion for reconsideration (*Freeman v. Sullivant*, *supra*, 192 Cal.App.4th at p. 527), given that he has not shown the trial court erred in concluding Richardson was entitled to fees and Pack's counsel was permitted to object to the amount of the fee request.

On remand, the trial court should determine the amount of a reasonable attorney fees award for Richardson as the prevailing party on appeal. (*Byers v. Cathcart* (1997) 57 Cal.App.4th 805, 813.)

## DISPOSITION

The trial court's orders are affirmed. Upon application by respondent, the trial court shall determine the amount of attorney fees to be awarded to respondent as the prevailing party on appeal. Respondent is also awarded his costs on appeal.

11

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

(A144151)