Filed 5/23/25  P. v. Woosley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099036 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE001712) |
| v. | |
| AARON MICHAEL WOOSLEY, | |
| Defendant and Appellant. | |

After a jury found defendant Aaron Michael Woosley guilty of numerous offenses, the trial court sentenced him to an aggregate term of 15 years four months in state prison. On appeal, Woosley contends the court erred in denying his motion to suppress evidence under Penal Code[1] section 1538.5 and that his sentence for possession of ammunition should have been stayed under section 654.  Neither contention has merit.  We affirm.

---

[1] Undesignated statutory references are to the Penal Code.

BACKGROUND

On February 2, 2023, police stopped Woosley in his car near his residence. An officer searched the car and found "baggies" of various narcotics, drug paraphernalia, and a lockbox containing a loaded .45-caliber Beretta handgun. Officers also searched Woosley's residence and found an AR-15-style rifle with a loaded magazine of .223-caliber rounds, a .22-caliber long rifle loaded with .22-caliber rounds, two boxes of .45-caliber ammunition in one safe, three boxes of .45-caliber ammunition in a different safe, and a bag containing magazines, live ammunition, and gun tools.

The People charged Woosley with possession of methamphetamine for sale (Health & Saf. Code, § 11378), possession of fentanyl for sale (*id*., § 11351), possession of heroin for sale (*ibid*.), possession of a .223-caliber AR-15 rifle as a felon (Pen. Code, § 29800, subd. (a)(1)), possession of a .22-caliber rifle as a felon (*ibid*.), possession of a .45-caliber Beretta handgun as a felon (*ibid*.), and possession of ammunition as a felon (Pen. Code, § 30305, subd. (a)(1)). As to the possession of methamphetamine, the People alleged the methamphetamine's weight exceeded one kilogram. (Health & Saf. Code, § 11370.4, subd. (b)(1).) The People further alleged several aggravating circumstances and a prior strike conviction.

At the preliminary hearing on February 23, 2023, Woosley entered pleas of not guilty, denied all allegations, and requested a jury trial "within time." The trial court stated: "Not guilty pleas and denials are entered. That triggers your right to have a jury trial within 60 days. That would be April 24th is the 60th day." The trial readiness conference occurred on March 29, 2023.

On April 19, 2023, Woosley filed a motion to quash the search warrant and suppress evidence pursuant to section 1538.5. At the hearing that same day, the trial court told the parties: "I think we all agree that it makes more sense to do the *pretrial conference* today and then pick our jury Monday morning with the anticipation that we would start up with openings and evidence on Monday afternoon as soon as the jury is

2

picked." (Italics added.) The court then reviewed the procedures for voir dire, took a jury trial waiver from Woosley as to the prior strike and aggravating circumstances, and considered the parties' motions in limine.

As to the motion to suppress, the court noted that Woosley failed to bring the motion before the issuing magistrate, under section 1538.5, subdivision (b), and also failed to bring the motion at the preliminary hearing, under section 1538.5, subdivision (f). The court explained that Woosley could bring the motion at a special hearing under section 1538.5, subdivision (i), but under that provision, Woosley "has to give the People at least ten days['] notice unless the People are willing to waive time." Given that the People were not willing to waive notice, the court concluded the motion could not procedurally be brought as nothing in section 1538.5 permitted the court to excuse the notice requirement for good cause. The court then stated it would deny the motion regardless because there was probable cause for the warrant. Defense counsel stated for the record that he received the case after the preliminary hearing; that he had been in trial since the trial readiness conference; and that Woosley had not been prepared to waive time for trial.

At the end of the April 19 pretrial conference, the trial court asked the parties when was the "last day" the trial could begin. The parties responded the last day was Monday, April 24, 2023. The court said, "Okay. So we'll be technically starting the last day." Defense counsel responded, "Yeah. As long as we're picking a jury on Monday, we're fine." The minute order for the April 19 hearing labeled the proceedings as "Pretrial Conference and Jury Trial Day 1." (Boldface & some capitalization omitted.)

On April 24, 2023, a jury was selected and sworn in. The jury found Woosley guilty on all counts but did not reach a verdict as to the methamphetamine weight allegation. At a bench trial, the trial court found most of the alleged aggravating circumstances true and found that Woosley had suffered a prior strike conviction. The court sentenced Woosley to an aggregate term of 15 years four months consisting of six

3

years for methamphetamine possession (the upper term doubled due to the prior strike), two years each for heroin possession and fentanyl possession (one-third of the middle term, doubled), and one year four months each for the three firearm possession convictions and the ammunition possession conviction (one-third of the middle term, doubled). Woosley filed a timely notice of appeal in July 2023. His opening brief was filed in August 2024, and this case became fully briefed on March 7, 2025.

DISCUSSION

*Motion to Suppress*

Woosley argues the trial court erred by denying his motion to suppress under section 1538.5.

As a threshold matter, the parties dispute which subdivision of section 1538.5 applied to Woosley's motion to suppress. Woosley submits that, because trial had already started when he made the motion, the motion was governed by section 1538.5, subdivision (h). That provision states that "[i]f, prior to the trial of a felony or misdemeanor, opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion, the defendant shall have the right to *make this motion during the course of trial*." (§ 1538.5, subd. (h), italics added.) In Woosley's view, because this provision applied, the trial court erred by failing to realize it had discretion to hear the motion and by not concluding that defense counsel had established good cause for making the motion during trial.

The People argue the relevant statute is section 1538.5, subdivision (i), which provides that "the defendant shall have the right to renew or make the motion at a special hearing relating to the validity of the search or seizure which shall be heard *prior to trial* and at least 10 court days after notice to the people, unless the people are willing to waive a portion of this time." (Italics added.) In the People's view, the trial court correctly applied this provision to conclude that Woosley's motion was untimely because trial was

4

set to begin in fewer than 10 court days and there would thus be inadequate notice to the People.

The People have the better argument. Woosley points to no authority interpreting when a trial begins for the purposes of section 1538.5. But under any plain meaning understanding of the statute, it is evident that trial had not yet started when he brought the motion to suppress on April 19. A jury had not been selected or sworn in, no opening arguments had been made, and no witnesses had testified. Moreover, the trial court and the parties (including defense counsel) openly discussed that the trial would begin five days later, on the following Monday. Woosley's sole argument for why trial had already begun when the motion was brought is that the April 19 minute order labels the proceedings as "Pretrial Conference and Jury Trial Day 1." But this labeling does not dictate the outcome here—especially given that every other indication (including Woosley's own contemporaneous understanding) was that the trial had yet to begin.

Accordingly, the motion to suppress was not made "during the course of trial" and section 1538.5, subdivision (h) did not apply. As the trial court observed, Woosley could still "make the motion at a special hearing . . . which shall be heard prior to trial" under section 1538.5, subdivision (i). That hearing, however, had to occur "at least 10 court days after notice to the people." (§ 1538.5, subd. (i).) Given that trial was set to begin (and had to begin) in fewer than 10 court days, Woosley's motion did not provide the necessary notice to the People for such a hearing and was thus untimely. (See *Moreno v. Superior Court* (1978) 80 Cal.App.3d 932, 935 [explaining that § 1538.5, subd. (i) "makes it clear that the prosecution is entitled to 10 days' notice of the motion. The only reasonable construction of the notice requirement is that a defendant must file his motion at least 10 days before the date set for trial"].)

Woosley insists the trial court should have still applied the exception in section 1538.5, subdivision (h) because "opportunity for th[e] motion did not exist" previously. This argument is unavailing because, even assuming the exception could apply when the motion was brought, Woosley failed to make the necessary showing.

*People v. Frazier* (2005) 128 Cal.App.4th 807 is instructive on this point. There, the defendant moved to exclude evidence on the first day of trial. (*Id*. at p. 829.) The motion alleged that " 'the defense was previously unaware of the grounds for bringing this motion, and no opportunity existed prior to trial to bring the motion, given present counsel's late entry into the case.' " (*Ibid.*) The trial court rejected the motion, explaining: " 'I understand that the particular trial counsel may have come in late, but the evidence itself appears to have been known to the Defense or should have been known. The facts are not new.' " (*Ibid*.) The court affirmed the trial court's ruling: "Defendant's counsel had been employed on the case for two months prior to trial. . . . Because defendant presented no persuasive justification for the delay in bringing the motion, the trial court's denial was not error." (*Ibid*.)

Here, defense counsel claimed he had been busy at trial since the trial readiness conference on March 29. But nothing in the record establishes why he did not bring the motion before then, given that counsel had represented Woosley since the preliminary hearing. There also is no explanation why Woosley's prior counsel did not bring the motion at the preliminary hearing. Woosley maintains that his trial counsel "filed the . . . motion as soon as possible," but that conclusory assertion is unsupported. Accordingly, even if section 1538.5, subdivision (h) could apply here, Woosley failed to adequately establish that "opportunity for this motion did not exist" prior to trial.

6

*Section 654*

Woosley next contends the trial court erred by not staying his sentence under section 654 for possession of ammunition because he was also being sentenced for the possession of various firearms. We disagree.

Section 654, subdivision (a) provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." To permit multiple punishments, " 'there must be evidence to support a finding the defendant formed a separate intent and objective for each offense for which he was sentenced.' " (*People v. Coleman* (1989) 48 Cal.3d 112, 162.) Where the trial court does not stay a sentence pursuant to section 654 and offers no factual basis for its decision, we presume the court found the defendant harbored a separate intent and objective for each offense. (See *People v. Jones* (2002) 103 Cal.App.4th 1139, 1147.) "We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence." (*Id.* at p. 1143.) We must uphold the trial court's finding if substantial evidence supports it. (*People v. Fuentes* (2022) 78 Cal.App.5th 670, 680.)

Woosley relies principally on *People v. Lopez* (2004) 119 Cal.App.4th 132, 138-139, which held that section 654 precludes punishment for both firearm possession and ammunition possession offenses "[w]here . . . all of the ammunition is loaded into the firearm." Here, Woosley possessed ammunition *separate* from the loaded firearm. More specifically, Woosley possessed five boxes of .45-caliber ammunition in two different safes in his residence whereas the loaded .45-caliber handgun was found in Woosley's

vehicle.  The trial court reasonably could have concluded the evidence demonstrated Woosley's intent to use the stored, unloaded ammunition at a later time for a separate purpose.  Accordingly, substantial evidence supports the trial court's implied determination that section 654 did not apply.

DISPOSITION

The judgment is affirmed.


/s/
BOULWARE EURIE, Acting P. J.


We concur:


/s/
MESIWALA, J.


/s/
WISEMAN, J.*


---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8